ALLEN, J.,
concurred with Judge Baldwin in the opinion that the judgment should have been de bonis testatoris; and that the error was a clerical misprision which might have been corrected in the Court below: but thought that as the case was in this Court it might be corrected here.
AHENDMENTS.
I. Of Equity Pleading's.
A. In General.
1. Of Bills.
See monographic note on “Amended Bills” appended to Belton v. Apperson, 26 Gratt. 207.
3. Of Pleas.
3. Of Replications.
4. Of Answers,
a. In General.
t>. Grounds.
c. Rule When Answers Were under Oath.
d. At and after Hearing.
II. Of Pleadings and Proceedings at Common Law.
A. Demurrer to Declaration.
B. Introducing New Cause of Action.
C. Misdescription.
1. Express and Implied Contract.
3. Identity of Two Corporations.
3. Action in Name of Wrong Plaintiff.
D. Variance.
E. Filing a Blank.
F. At What Stage of Proceedings.
1. In Appellate Court.
G. Effect of Amendment.
1. Statute of Limitations.
3. Amendment as Waiver of Error in Previous Rulings.
3. Original Pleading Superseded.
4. Right to Plead De Novo.
5. Effect of Adding New Parties.
H. Leave to Amend.
1. Amendment as Matter of Right.
I. Method of Making Amendments.
1. Actual and Implied Amendments.
J. Other Matters Subí ect to Amendment.
III. Of Process.
A. Of Sheriff’s Return.
IV. Of Affidavit for Attachment.
V. In Criminal Proceedings.
A. Of Verdict.
1. Name of Accused.
B. Of Information.
VI. Jeofails.
A. At Common Law.
B. Under the Statute.
1. Joinder of Issue.
2. Omission of Essential Elements, a. Gist of Actions Omitted.
3. Criminal Cases.
a. Errors Cured.
b. Errors Not Cured.
*122 Cross References to Monographic Notes.
Amended Bills, appended to Belton v. Apperson, 26 Gratt. 207.
Decrees, appended to Evans v. Spurgin, 11 Gratt. 615.
Elections, appended to West v. Ferguson, 16 Gratt. 270.
Judgments, appended to Smith v, Charlton, 7 Gratt. 425.
I. OF EQUITY PLEADINGS.
A. IN GENERAL.—No invariable rule can be laid down with reference to the amendments of equity pleadings. Their allowance rests largely in the discretion of the court, to be determined by the special circumstances of the case. On application to am end, justice should not be sacrificed to form or too rigid an adherence to rules of practice. Great caution should be exercised, however, when the application has been long delayed, or when the granting it would cause serious inconvenience or expense to the opposite side; and an amendment should rarely, if ever, be permitted where it would materially change the very substance of the case made by the bill, and to which the parties have directed their proofs. Glenn v. Brown, 99 Va. 322, 38 S. E. Rep. 189 ; Alsop v. Catlett, 97 Va. 364, 34 S. E. Rep. 48.
Discretion of Court.—“The whole matter of amendments rests in the sound discretion of the court. In general, however, the indulgence is confined to cases of mere mistake or surprise; and a distinction is also made between the allowance of an amendment as to a matter of fact, and as to a conclusion in law, an amendment as to the latter being much more freely-allowed.” 4 Min. Inst. (3d Ed.) p. 1443; Vashon v. Barrett, 99 Va. 344, 38 S. E. Rep. 200.
Compared with English Practice.—The practice in this country in allowing amendments is said to be much more liberal than in England. Belton v. Apperson, 26 Gratt. 207.
Verified Pleadings.—Where pleadings are verified by the oath of the party, the court will not easily suffer an amendment. Matthews v. Dunbar, 3 W. Va. 138.
Effect of Statute Dispensing with Affidavit.—But as Code of W. Va., ch. 125, sec. 38, does not require the defendant to verify his answer by affidavit, it is obvious that one of the principal reasons for the courts being .so reluctant to permit answers to be changed or amended, has been removed, and no doubt answers may be amended or changed with the leave of the court, now, under circumstances wherein they could not be formerly so amended or changed. Depue v. Sergent, 21 W. Va. 326.
Effect of Laches.—Moreover, a defendant should be permitted to amend his pleadings, or add to his pleas whenever justice requires it, provided unreasonable delay be not thereby occasioned, or good reason be shown for not having done so sooner. But he will not be permitted so to do'where he has had ample opportunity for earlier action, and has, without sufficient excuse, delayed until trial is at hand. Keckley v. Bank, 79 Va. 458; Perkins v. Hawkins, 9 Gratt. 653.
1. OR Bills.—See monographic note on “Amended Bills” appended to Belton v. Apperson, 26 Gratt. 207.
2. Ojp Pleas.—Where an improper plea is filed by an attorney through inadvertence, and for want of information, it may be amended, after a trial and verdict for the plaintiff. Richardson v. Johnson, 2 Call 528.
Amendment by Personal Representative.—And a personal representative may, on motion, without an affidavit, amend his plea by pleading viene administravit at any time before the trial of a suit against him, provided the court is satisfied that the motion is not made merely for the sake of delay. Chisholm v. Anthony, 1 H. & M. 27.
3. Or Replications.—Where, in an action of detinue, the replication to the defendant’s plea of the statute of limitations is insufficient, but the declaration contains the averments for lack of which the replication is defective, the plaintiff should be allowed to amend his replication. Morris v. Lyon, 1 Va. Dec. 615, 2 S. E. Rep. 515.
Terms.—But the declaration being in the name of two plaintiffs, if the replication purport to be in behalf of one only, it is a departure in pleading; and on demurrer, judgment ought tobe entered for the defendant, unless the plaintiffs move the court to amend their replication, which in that case should be allowed, on their paying costs. Graham v. Graham, 4Munf. 205.
Withdrawal of Joinder in Demurrer.—An attorney for the commonwealth, who has joined in the defendant’s demurrer to his replication, it being defective in mere form, may have leave, before judgment is entered on the demurrer, to withdraw his joinder in demurrer and amend his replication. Com. v. Jackson, 2 Va. Cas. 501.
4. Or Answers.
a. In General.—The cases are exceptional where amended or supplemental answers are allowed. In small matters, however, the defendant may amend, but not in a material one, unless upon evidence to the court of surprise. The most common case of amending an answer is, where, through inadvertence, the defendant has mistaken a fact, or a date; then the court will give leave to amend to prevent the defendant from being prosecuted for perjury. In general, however, this indulgence is confined to cases of mere mistake or surprise in the answer. Elder v. Harris, 76 Va. 187.
The following general rules were established by the court in Liggon v. Smith, 4 H. & M. 407, for the amending of answers in chancery;
1. To allow a defendant to amend his answer must, from the nature of the case, be always at the discretion of the court.
2. It may be done in a small matter, on motion, at any time before issue joined.
3. But, in a material point, the motion must be made upon an affidavit of the facts, which make it necessary; and after reasonable notice thereof to the plaintiff or his counsel, that the court may take care that no injury be produced to the other party. And, the affidavit ought to state, that, at the time of putting in the answer, the defendant did not know the circumstances upon which he makes the application, or any other circumstances upon which he ought to have stated the fact otherwise.
But the provision of the statute (Va. Code 1873, ch. 167, sec. 35), allowing a defendant to file his answer at any time before final decree, has no reference to an amended or supplemental answer. Elder v. Harris, 76 Va. 187.
Answer in Nature of a Cross Bill.—Where an amended answer is filed by a defendant in the nature of a cross bill, praying affirmative relief, such amended answer should be confined to the matters contained in the original bill and answer, and should not introduce new and different matters *123 .not embraced therein. Rad cliff v. Corrothers, 33 W. Va. 682,11 S. E. Rep. 228.
Setting Up Statute of Frauds and Limitations.— After issue joined, and the canse set for hearing, the defendant in chancery may be permitted, for good canse shown, to amend his answer, and to plead the statute of frauds and limitations. Jackson v. Cutright, 5Munf. 308. See Henderson v. Hudson, 1 Mnnf. 514, opinion of TtrcKisit, J., in which he says: “In an amended answer, which he was permitted to file, he insists upon the benefit of the statute of frauds and perjuries.’’ This shows that the amendment was permitted, though not at what stage of the cause.
In White v. Turner, 2 Graft. 502, a defendant in equity was allowed to amend his answer for the purpose of setting up the statute of limitations in bar of the plaintiff’s claims.
Irrelevant and Immaterial Hatter.—But an amended answer, presenting as new matter, only matter immaterial and irrelevant, ought to be rejected. McKay v. McKay, 33 W. Va. 724, 11 S. E. Rep. 213; Union Bank of Richmond v. Richmond. 94 Va. 316, 26 S. E. Rep. 821; Tracewell v. Boggs, 14 W. Va. 254.
Substituting New Answer.—Where a defendant has filed an answer to the bill, which has been replied to, and the cause comes on for hearing, the defendant will not be permitted to withdraw his answer for the purpose of substituting another, on the ground that he had forgotten to present a material matter of defence in his first answer; but he may be permitted to amend his answer setting up such new matter, but in no wise to delay the hearing of the cause. Tracewell v. Boggs, 14 W. Va. 254; Wyatt v. Thompson, 10 W. Va. 645.

b. (Grounds.

Surprise, 111 Advice-Inadvertency.—There are no certain rules, however, for the amendment of answers; but they are in the discretion of the courts; the admission of a fact is never suffered to be struck out, but on affidavit of surprise, or the defendant being ill-advised. But, where an amendment is admitted in the bill, where through inadvertency, a mistake is made as to a fact or date, -where there is no danger of perjury, where the case depends upon old documents, etc., the courts have allowed amendments to be made, either by striking out passages, or making new facts, and this after issue joined, or upon the hearing of a cause. Jackson v. Cut-right, 5 Muñí. 312.
Negligence.—But an amended answer should not be allowed, raising new issues, where it appears that the party knew the facts when he filed his first answer, and is thus guilty of negligence. Goldsmith v. Goldsmith, 46 W. Va. 426, 33 S. E. Rep. 266, citing Foutty v. Poar, 35 W. Va. 70, 12 S. E. Rep. 1096.
Before a court of equity should allow an amended answer to be filed, it should be satisfied that the reasons assigned for it are cogent and satisfactory; that the mistakes to be corrected or facts to be added are made highly probable if not certain; that they are material to the merits of the case in controversy; that the party has not been guilty of gross negligence, and that the mistakes have been ascertained, and the new facts have come to the knowledge of the party since the original answer was filed. Matthews v. Dunbar, 3 W. Va. 138; Foutty v. Poar, 35 W. Va. 70, 12 S. E. Rep. 1096. See also, Sturm v. Fleming, 26 W. Va. 59.
Infants.—An answer, filed by an infant, may be
amended on motion, when he attains his age. Campbell v. Winston, 4 H. & M. 477.
e. Hule When Answers Were under Oath.—When an answer was always sworn to and when it not only served the purpose of pleading, but was also regarded as evidence, the general rule was that an answer would not be permitted to be amended after the evidence had been taken, because to permit that would allow the defendant to change his evidence to suit the exigencies of the case, which would be unjust to the plaintiff and would tend to the encouragement of perjury. But even then, an answer was sometimes allowed to be amended, or supplemented, or to be withdrawn, and a new answer filed, when the amendment was in some small matter not material, unless the defendant by evidence showed to the court, that he had been surprised. As for instance, where a mistake was made in a date from inadvertency. But in general, very cogent circumstances had to appear before a court would permit an answer to be changed though even then where it was manifest that the purposes of substantial justice required it, the court in its discretion might permit an answer to be changed; but when the new facts sought to be let in by the answer were wholly dependent on parol testimony, the reluctance of the court to permit the answer to be changed was greatly increased. Depue v. Sergent, 21 W. Va. 343.
In Furtherance of Justice.—But the court ought not to permit answers to be changed or amended at the option of the defendant, but should only permit it when substantial justice requires that it should be done. Depue v. Sergent, 21 W. Va. 326.
Improperly Refusing Amendment.- Though if the inferior court refuse leave to a party to amend his pleadings where it should be allowed, the appellate court will reverse for that, as error. Cooke v. Beale, 1 Wash. 313.
d. At and after Hearing—Upon the hearing of a cause, the court may grant the same indulgence to a defendant as it would to a plaintiff. If it has appeared, that the defendant has not put in Issue facts, which he ought to have put in, and which must necessarily be in issue to enable the court to determine the merits of the case, he will be allowed to amend his answer for the purpose of stating these facts. But the courts have been always very cautions in permitting such amendments at the hearing. Depue v. Sergent, 21 W. Va. 326.
II. OF PLEADINGS AND PROCEEDINGS AT COMMON LAW.
A. DEMURRER TO DECLARATION'.—In Virginia and West Virginia, the usual course, where the opinion of the court is in favor of the defendant on a demurrer to the whole declaration, is to allow the plaintiff to with draw his joinder in the demurrer, and amend his declaration, if the ground upon which the demurrer is sustained be of such a nature as can be removed by an amendment. And there is no difference as to the doctrine of amending at common law, between penal, and other actions. Hart V. B. & O. R. Co., 6 W. Va. 336.
Amendments Favored.—Statutes allowing amendments are favored, and although resting in the sound discretion of the court, the authorities without exception it is said, declare that such statutes are remedial and must be construed liberally. Langhorne v. Richmond City R. Co., 91 Va. 364, 22 S. E. Rep. 357, citing with approval 1 Enc. PL & Pr. 516-517.
*124 B. INTRODUCING NEW CAUSE OF ACTION.After the appearance of the defendant the court should he liberal in allowing such amendments to the declaration, as tend to promote the fair trial and determination of the subject-matter of controversy, upon which the action was originally based, but no amendment should be allowed against the protest of the defendant, which introduces into the case a new substantive cause of action different from that declared upon, and different from that which the party intended to d eclare upon when he brought his action, though the amendment be such, as would, in another count have been properly inserted in the original declaration and the new cause of action was such, as could, if the plaintiff had so chosen, been united in the same suit with the original cause of action actually sued upon. Snyder v. Harper, 24W, Va. 206; Kuhn v. Brownfield, 34 W. Va. 252,12 S. E. Rep. 519; Clarke v. Ohio River R. Co., 39 W. Va. 732, 20 S. E. Rep. 696.
Inconsistent Amendments —Amendments are not to he allowed which are inconsistent with the nature of the pleadings or change the cause of action. Allegations may be changed and others added, provided the identity of the cause of action is preserved. Kuhn v. Brownfield, 34 W. Va. 252,12 S. E. Rep. 519; Clarke rr. Ohio River R. Co., 39 W. Va. 732,20 S. E. Rep. 696.
C. MISDESCRIPTION.
1. Express and Implied Contract.—In an action against a physician for malpractice, alleging breach of an express contract, an amendment may be made setting forth the breach of an implied contract. Kuhn v. Brownfield, 34 W. Va. 252, 12 S. E. Rep. 519.
2. Identity op Two Corporations.—If one corporation is sued for a personal injury, and the evidence of the defendants tends to show that the injury was committed by another corporation, the plaintiff upon request, should be allowed to amend his declaration so as to charge that the two corporations were one and the same corporation known by both names, because sec. 3384 of the Va. Code of 1887, was clearly intended to provide for such a case, and, being remedial in its character, should be liberally construed. Langhorne v. Richmond City R. Co,, 91 Va. 364, 22 S. E. Rep. 357.
3. Action in Name oe Wrong Plaintiee.—Where an action is brought in the name of the wrong plaintiff, it is not error to allow the declaration to be so amended as to show the party beneficially interested. National Bank of Virginia v. Nolting, 94 Va. 263, 26 S. E. Rep. 826.
If a jury, find for the plaintiff the slaves in the declaration mentioned, and, proceeding to state the several values, recites the name of one of them erroneously, such an error should be corrected by reference to the declaration. Boatright v. Meggs, 4 Munf. 145.
D. VARIANCE.
Materiality of Amendments,—An immaterial variance between the allegata and probata may be amended at the trial, but after all the evidence has been introduced on the trial of an action at law an amendment cannot be made that is material to the merits. Harman v. Cundiff, 82 Va.'239; Hansbrongh v. Stinnett, 25 Gratt. 495; Richmond & D. R. Co. v. Rudd, 88 Va. 648, 14 S. E. Rep. 361.
Variance between Writ and Declaration.—But a variance between the writ and declaration may be amended at any time before judgment, if substantial justice may be done thereby. Courson v. Parker, 39 W. Va. 521, 20 S. E. Rep. 583.
Omission of a Condition in Policy.—Where, in an action on a life insurance policy, the declaration omits one of the conditions endorsed upon it; and on the trial when the policy is offered in evidence, it is objected to for the variance, the court may allow the plaintiff to amend the declaration by inserting the omitted condition, and proceed with the trial. The New York Life Ins. Co. v. Hendren, 24 Gratt. 536.
Ejectment.—And, in ejectment, if the term laid in the declaration expires before the decision of the cause, the practice is to grant leave to amend the declaration by enlarging the term. Hunter y. Fair-fax, 1 Munf. 218.
To Conform to Proof.—If the evidence in the trial of a case before a jury fails to prove substantially the plaintiff’s case as stated in the declaration, though it shows that the plaintiff has a good cause of action, the court should permit the plaintiff to amend his declaration so as to correspond with his proof at the trial. Hutchinson v. Parkersburg, 25 W. Va. 227.
Under Statute.—Va. Code 1860, ch. 177, sec. 7, provides that: “If at the trial of any action, there appears to be a variance between the evidence and the allegations or recitals, the court, if it consider the cause not material to the merits of the case, and that the opposite party cannot have been prej udiced thereby, may allow the pleadings to be amended on such terms as to payment of costs or postponement of trial, as it may deem reasonable.” See Code 1887, sec. 3384. See Beasley v. Robinson, 24 Gratt. 325; R. & D. R. Co. v. Rudd, 88 Va. 648, 14 S. E. Rep. 361. See Va. Code 1887, sec. 3259.
Time of, and Terms for, Amendment.—The .plaintiff during the trial of the cause, and before verdict found, may at the discretion of the court be permitted to amend his declaration, in order that a material variance between its allegations and the proofs may be avoided, upon the terms, if the defendant so request, that the jury shall be discharged and the cause continued with leave to the defendant to amend his pleas, or plead anew to the declaration so amended. Travis v. Peabody Ins. Co., 28 W. Va. 583; Tabb v. Gregory, 4 Call 225.
E. FILING A BLANK.—The rule seems to be well settled that the circumstance that the damages are left blank in the declaration is unimportant, but if the gist of the action be blank, it is fatal. Blane v. Sansum, 2 Gall 495; Stephens v. White, 2 Wash. 203; Taylor v. M’Clean, 3 Call 557; Craghill v. Page, 2H. & M. 446; Digges v. Norris, 3 H. & M. 268.
Cured by Act of Jeofails.—And the omission to lay damages in the declaration, though in an action sounding in damages, is cured, after verdict, by the statute of jeofails. Stephens v. White, 2 Wash. 203.
But if the damages be laid high enough in the writ, though the jury find for more than are laid in the declaration, the writ may be referred to for the purpose of amendment, and the judgment will be sustained. Palmer v. Mill, 3 H. & M. 502.
Omission of Ad Damnum.—The omission of an ad damnum 1 in the declaration will be considered as amended. Hook v. Turnbull, 6 Call 85.
Illustrations.—After verdict in an action for breach of a promise to marry, judgment ought not to be reversed on the ground that the time when the marriage was to be solemnized is left blank in the declaration. Milstead v. Redman, 3 Munf. 219.
Countin Assumpsit.—Thus, a count for money had *125 and received was adjudged good after verdict, although the sum received was left blank. Hall v. Smith, 3 Munf. 550.
F. AT WHAT STAGE OF1 PROCEEDINGS.
Common=*Law Rule. -At common law amendments seem to have been always readily obtained, at any time before issue, either in law or fact, was joined, or while the proceedings continued in paper, but, after the record was made up, and the pleadings were entered on the roll, there was a reluctance to admit of any alteration, through fear of defacing the record. Tabb v. Gregory, 4 Call 228.
Furtherance of Justice.— So that to promote justice on one hand, and prevent injury on the other, seems to be all that is requisite, for if they can be effected the amendment will be allowed at any time before final judgment. Tabb v. Gregory, 4 Call 228; Travis v. Peabody Ins. Co., 28 W. Va. 594.
After Demurrer Sustained.-After a demurrer has been sustained to a declaration which states a good cause of action, the court may allow the declaration to be amended, though the statement is defective with regard to the matters in which it is amended. Guarantee Co. v. Bank, 95 Va. 480, 28 S. E. Rep. 909; Baylor v. B. & O. R. R. Co., 9 W. Va. 270.
Refusal to Allow Amendment.—Where the inferior court properly sustains a demurrer to a declaration, and enters judgment in the action for the defendant, without giving leave to the plaintiff to amend, the supreme court will, if the defect in the declaration appears to be amendable, reverse the judgment, and remand the case, with directions to grant leave to the plaintiff to amend if he elects to do so. Rigg v. Parsons, 29 W. Va. 522, 2 S. E. Rep. 81; Norris V. Lernen. 28 W. Va. 336.
Cannot Be Forced to Amend.—But, if in such case, the record shows that the plaintiff declined to amend his declaration, the supreme court will not reverse the judgment, although it distinctly appears that the defect in the declaration could have been readily amended if the plaintiff had chosen to do so, but the judgment will be affirmed. Rigg v. Parsons, 29 W. Va. 522, 2 S. E. Rep. 81; White v. Railway Co., 26 W. Va. 800.
Technical Defect in Replication.—It is proper to allow an amendment, after demurrer is sustained, to cure a purely technical defect in a replication, when it occasions no surprise to the defendant, produces no delay nor inconvenience, and is necessary to the justice of the case. “It is fully authorized by the practice and decisions of Virginia.” Bowles v. Elmore, 7 Gratt. 385; Hart v. B. & O. R. Co., 6 W. Va. 336.
After Demurrer and Argument.—After demurrer and argument upon the issue in law. either party will be permitted to amend. Tabb v. Gregory, 4 Gall 228.
Statutory Rule.—Under Va. Code 1887, sec. 3384, providing that, if at the trial there appears lobe any variance between the evidence and pleadings, the court, if it considers that substantial justice will be promoted, may allow the pleadings to be amended on such terms as it may decree reasonable, it is proper to allow a declaration to which a demurrer has been sustained to be amended at bar by striking out immaterial words, and to refuse to remand the case to rules. Alexandria & F. R. Co. v. Herndon, 87 Va. 193,12 S. E. Rep. 289.
After Issue Joined.-- if the plaintiff be permitted to amend his declaration, by consent of parties, after issue joined on a plea to the action, the defendant ought not tobe permitted to plead in abatement any variance between the amended declaration and the writ, which equally existed between the writ and the original declaration. Moss v. Stipp, 3 Munf. 159; Payne v. Grim, 2 Munf. 297.
Nul Tie! Record. —Upon the trial of the issue nul iiel record, the court may allow an amendment of the declaration, and, if the defendant consents, may proceed with the trial. Thus, in an action of debt, 'brought on a judgment recovered for £144. 17. 2H. and costs, but declared on for £144. 7. 2kC. and costs, the plaintiff, upon the trial of the issue joined upon the plea of “no such record” filed by the defendant, was allowed to amend his declaration by inserting the correct sum. Anderson v. Dudley, 5 Call 529.
Before Verdict—Terms.—The circuit courts of West Virginia, in the exercise of their general common-law jurisdiction, in the absence of any statute prohibiting them from doing so. and independently of any statute authorizing them to do so, may, in their discretion, permit the pleadings to be amended at any time before verdict found whenever justice will be promoted thereby, and the same can be done without injury to the opposite party, but in every such case, if the opposite party requests it, the jury should be discharged, and the cause continued with leave to the opposite party to amend his pleadings or to plead anew to the pleadings, so amended. Travis v. Peabody Ins. Co., 28 W. Va. 583.
After Verdict.—Even after the verdict is returned if there is anything by which it can be done, or the justice of the case requires it, amendments will be allowed. Travis v. Peabody ins. Co., 28 W. Va. 594; Tabb v. Gregory, 4 Call 228.
After Submission to Jury.—The case was submitted to the jury, who not agreeing, a juror was by consent withdrawn In this stage of the proceedings, the plaintiff was permitted to amend his declaration, the cause being in paper, notwithstanding the jury had been sworn, as no verdict was rendered; during which time amendments, in favor of justice, are within the discretion of the court. Syme v. Jude, 3 Call 521; Tabb v. Gregory, 4 Call 225.
Amendments before Final Judgment.—But the rigor of the common law has been gradually departed from, until it has become the settled doctrine, that amendments, at the discretion of the court may be allowedat anytime before final judgment, provided they produce no injury to the opposite party. Tabb v. Gregory, 4 Gall 228; Travis v. Peabody Ins. Go., 28 W. Va. 594.
Amendments of Judgment Entered on Order Book and Signed by Judge.—But a district court has no power or jurisdiction to reverse, alter or amend a judgment given at a former term of that court, which has been entered on the order book and signed by a judge in open court. Halley v. Baird, 1 H. & M. 25; Freeland v. Field, 6 Gall 12.
If an entry be made in a minute book of the clerk of the district court and a part of it be omitted in the order book, signed by the judge, the order book cannot be amended from the minutes after the term at which the proceedings were had. Gogbill v. Gogbill, 2 H. & M. 467.
During Trial of Appeal.—If a party during the trial of an appeal from a justice is entitled to amend his pleadings, that right cannot be made to depend solely on whether the adverse party is then ready to proceed with the trial. If such an amendment would be a surprise to the other party, a continuance will obviate that objection. Powell v. Love, 36 W. Va. 96, 14 S. E. Rep. 405.
*126 1. In Appellate Court.—Amendment of the record in the supreme court is not permissible, because the supreme court tries the case by the record as made up in the lower court. Resort must he had to the lower court for such amendment. McClure-Mabie Lumber Company v. Brooks, 46 W. Va. 732, 34 S. E. Rep. 921, citing 1 Enc. PI. & Pr. 607.
Remand with Directions to Amend—Where an appellate court reverses the judgment of the lower, the cause will be sent back with directions that the plaintiff shall have leave to amend the declaration. Strange v. Floyd, 9 Gratt. 474; Liggatt v. Withers, 5 Gratt. 24, 60 Am. Dec. 95; Hale v. Crow, 9 Gratt. 268; Creel v. Brown, 1 Rob. 265; White v. Toncray, 5 Gratt. 180.
So also, where there is a demurrer to a declaration which is overruled, but upon appeal the judgment is reversed, the cause will be remanded with directions that the plaintiff be allowed to amend his declaration if he elects to do so. Hanshrough v. Stinnett, 25 Gratt. 495.
Proceedings after Leave to Amend Declaration.— When an order of court has been entered, granting the plaintiff leave to amend his declaration, and remanding the cause to the rules, the case, after the amended declaration is filed, ought to be regularly proceeded in at the rules to an issue or office judgment, unless by consent an issue be made up in court; and if, without such proceedings at the rules, judgment he entered up In court against a defendant because he has not appeared and pleaded to the amended declaration, such judgment will be erroneous. Couch v. Fretwell, 10 Leigh 578.
G. EFFECT OF AMENDMENT.
1. Statute op Limitations.—When an amendment to a declaration is not inconsistent with the nature of the pleadings, and does not introduce a new cause of action, then so far as regards the statute of limitations, it will have the same effect as if it had been originally filed in the amended form at the commencement of the term, and the cause not then barred will not be treated as barred at the time of the amendment by reason of such amendment. Kuhn v. Brownfield, 34 W. Va. 252, 12 S. E. Rep. 519; Lamb v. Cecil, 28 W. Va. 653.
2. Amendment as Waiver of Error in Previous rulings.—By amending his declaration, hojvever, and going to trial on the merits, the plaintiff waives his right to assign for error that a demurrer to the declaration, as originally filed, was improperly sustained. Darracott v. C. & O. R. R. Co., 83 Va. 288, 2 S. E. Rep. 511; Hopkins v. Richardson, 9 Gratt. 485; Harris v. N. & W. R. R. Co., 88 Va. 560,14 S. E. Rep. 535; Birckhead v. C. & O. R. Co., 95 Va. 648, 29 S. E. Rep. 678; Connell v. C. & O. R. Co., 93 Va. 44, 24 S. E. Rep. 467.
Amendment of Complaint after Demurrer Sustained. —If a special demurrer is filed to a declaration, which is afterwards amended in the points specified in the demurrer, issues made up on pleas filed before the amendment, a verdict rendered on those issues, and no further notice taken of the demurrer, the demurrer must be considered as abandoned. Vaiden v. Bell, 3 Rand. 448.
3. ORIGINAL PLEAUING SUPERSEDED.—When the plaintiff files an amended declaration, which is complete in itself, and does not refer to, or in any manner adopt the former as part of the same, and to which amended declaration the defendant replies and issneis joined thereon, the former shall he considered as withdrawn or abandoned. Roderick v. Railroad Company, 7 W. Va. 54.
4. Right to Plead De Novo.-—Where one party is permitted to amend, or amends without leave in a material matter, the other has a right to plead de novo, whether the new plea be material or not to his defence. Cosby v. Hite, 1 Wash. 365 ; Travis v. Peabody Ins. Co., 28 W. Va. 583.
Right to Elect.—Where the defendant’s plea to the original declaration is applicable to the amended declaration filed by the plaintiff, and which plea is not withdrawn, the defendant must he understood to have still rested his defence on the same plea, and the verdict on the original issue will stand ; but the defendant might have pleaded de novo if he had elected to do so. Power v. Ivie, 7 Leigh 147.
5. Effect of Adding New Parties.—Whenever new parties are made, both parties have liberty, if they desire it, to amend and modify their pleadings, so as to exhibit the case as they may desire respectively to present it. Dabney v. Preston, 25 Gratt.. 838.
H. LEAVE TO AMEND.
I. Amendment as Matter of Right.—The plaintiff may, as a matter of right, amend his declaration at any time before appearance by the defendant if substantial justice will be promoted thereby, and in such case it is not necessary to summon the defendant to plead to the amended declaration. Phelps v. Smith, 16 W. Va. 522; Baylor v. B. & O. R-Co., 9 W. Va. 270.
Suggestion by the Court.—But a plaintiff cannot be compelled to amend after the sustaining of a demurrer to a declaration. Rigg v. Parsons, 29 W. Va. 522, 2 S. E. Rep. 81.
I. METHOD OF MAKING AMENDMENTS.
I. ACTUAL AND IMPLIED AMENDMENTS.—If a Party obtains leave to amend his plea, he may elect to make the amendment or not as he pleases ; hut if he falls to make the amendment, arid the former plea is not withdrawn, the issue made by the original pleading should be tried. Fox v. Cosby, 2 Call 1.
J. OTHER MATTERS SUBJECT TO AMENDMENT.
Contested Elections—Grounds of Contest.—In Hal-stead v. Rader, 27 W. Va. 818, it yas held that a notice which does not state some substantial ground of contest cannot be amended. See also, Ralston v. Meyers, 34 W. Va. 737, 12 S. E. Rep. 783.
See monographic note on “Elections” appended to West v. Ferguson, 16 Gratt. 270.
And where the proceedings are before a body whichhas no common-law jurisdiction, but becomes functus oMclo as soon as the cause is determined, It cannot permit amendments of notices and specifications after the time has passed within which the parties themselves may correct omissions, and supply defects. Loomis v. Jackson, 6 W. Va. 613.
Misnomer in Christian Name.—Under W. Va. Code 1887, sec. 14, ch. 125, “No .plea In abatement for a misnomer shall be allowed in any action ; but in a case wherein, but for this section, a misnomer would have been pleadable in abatement, the declaration and summons may, on the motion of either party, and on the affidavit of the right name, be amended by inserting the same therein.” Thus, under this statute, where the writ named the plaintiff as “Collohan” Hoffman, and in declaration he is named as “Collahill” Hoffman, such misnomer in the plaintiff’s Christian name was amended. Hoff *127 man v. Dickinson, 31W. Va. 142, 6 S. E. Rep. 53. See also, Va. Code 1887, §§ 3258 and 3399.
Where the jury find a conveyance to James, the lessor of the plaintiff, whereas his name is Jacobus, this is a plain mistake, which may be corrected by the other part of the finding, that he is lessor of the plaintiff. Pendleton v. Vandevier, 1 Wash. 381.
'lisiiomcr of Corporation.—The misnomer of a corporation cannot be taken advantage of by plea in abatement, but where formerly pleadable in abatement, the declaration and summons may, on the motion of either party, on affidavit of the right name, be amended by inserting the same therein. W. Va. Code, ch. 125, sec. 14; First Nat. Bank of Ceredo v. Huntington, etc., Co., 41 W. Va. 530, 23 S. E. Rep. 792.
Striking Out Plaintiffs.—Where a married woman, over the age of twenty-one years, sues for a personal injury in her name by a next friend, the declaration may be amended by striking out her next friend, and by inserting her own as plaintiff. Richmond Railway & Electric Company v. Bowles, 92 Va. 738, 24 S. E. Rep. 388. The court, in this case, further said: 'No reason can be perceived why, if a married woman may amend her bill by inserting the name of a next friend, she may not with equal propriety be permitted to amend her declaration by striking from it the wholly needless and superfluous shadow, rather than to permit the substance to be sacrificed.”
Of Scire Facias.—But a scire facias returnable to a day which is not a proper return day, is void and cannot be amended. Kyles v. Ford, 2 Rand. 1.
Of Bill of Particulars.—When a cause is called for trial, and substantial justice requires that the court should have allowed the plaintiff to amend his bill of particulars, and if it be clear, that such amendment cannot operate a surprise to defendant, the cause ought not to be continued because of such amendment. Anderson v. Kanawha Coal Co., 12 W. Va. 526. See Code of W. Va., ch. 125, sec. 12, p. 601.
Of Record—Upon What Based.—The amendments authorized by the act, Va. Code, ch. 181, sec. 5, p. 681, in relation to amendments of a record by a judge in vacation, are to be based upon something in the record, and not upon the recollection of the judge who presided at the trial, or evidence aliunde; and the amendments authorized are amendments to support the judgment, not amendments to give ground for reversal. Powell v. Com., 11 Gratt. 822, and note; Barnes v. Com., 92 Va. 794, 23 S. E. Rep. 784.
When Writ Part of Record.—For the purpose of amendment, the writ is a part of the record only where issue has been joined upon a plea to the action, Payne v. Grim, 2 Munf. 297.
Amendment after Term.—After the term at which a judgment is entered, the court cannot amend a record. Sydnor v. Burke, 4 Rand. 101.
III. OF PROCESS.
By the common law, process made returnable to a day which is not a return day, is void, and hence cannot be amended; though it seems that a fieri facias maybe amended in the teste or return. Kyles Y. Ford, 2 Rand. 1; Coda v. Thompson, 39 W. Va. 67, 19 S. E. Rep. 548.
A. OF SHERIFF'S RETURN.—After a judgment by default, the court may allow the sheriff to amend his return so as to show a proper service. Commercial Union Assurance Co. v. Everhart, 88 Va. 952, 14 S. E. Rep. 836; Railroad Co. v. Ashby, 86 Va. 232, 9 S, E. Rep. 1003; Stotz v. Collins, 83 Va. 423, 2 S. E. Rep. 737; Walker v. Com.. 18 Gratt. 18; Stone v. Wilson, 10 Gratt. 539. See also, Laidley v. Bright, 17 W. Va. 779; Wardsworth y. Miller, 4 Gratt. 99; Smith v. Triplett, 4 Leigh 590.
It is proper on the hearing of a motion to reverse a judgment by default for a defective return of the summons in the action, to allow the sheriff to amend his return, and then overrule the motion to reverse, if the amended return be good. Anderson V. Doolittle, 38 W. Va. 633. 18 S. E. Rep. 726; Cape-hart V. Cunningham, 12 W. Va. 750; Shenandoah Valley R. Co. v. Ashby. 86 Va. 232, 9 S. E. Rep. 1003.
Application in Vacation.—Where a judgment by default has been rendered oil a defective return of service of summons, and the defendant, after the term, applies to the j udge in vacation to reverse the judgment, and remand the cause to trial under Va. Code 1873, ch. 172, sec. 5, on the ground that it does not appear from the sheriff’s return that the writ has been served as prescribed by law, the court may, on the plaintiff’s motion, allow the return to, be amended so as to show a proper service, and dismiss the motion. Stotz v. Collins, 83 Va. 423, 2 S. E. Rep. 737; Goolsby v. St. John, 25 Gratt. 146.
Where under Va. Code 1873, ch. 172. sec. 5, defendant moves the judge in vacation to reverse the judgment by default upon defect of return of substituted service of the summons, and to remand the case to trial, the court will then allow the sheriff to, amend his return so as to show a proper service, and dismiss the defendant’s motion. Stotz y. Collins, 83 Va. 423, 2 S. E. Rep. 737; Laidley y. Bright, 17' W. Va. 779.
Application to Circuit Judge in Term.—Moreover, it is competent for the circuit court, whence the writ issued, to permit an amendment of the return, if the application to reverse the judgment is made to the court in term instead of to the judge thereof in vacation; and in this particular the authority off the judge in vacation is the same as that conferred upon the court. Stotz v. Collins, 83 Va. 423, 2 S. E.. Rep. 737.
And the judge in vacation may allow the sheriff to amend his return on the first execution, upon a motion to quash a second execution in vacation. Walker v. Com., 18 Gratt. 13; Goolsby v. St. John, 25 Gratt. 160.
Amendment of Summons by Clerk.—But on the trial of a motion to reverse the judgment by default, made in a circuit court under the fifth section of chapter 134 of the W. Va. Code, the court ought not to permit the clerk to correct the summons itself, though he has made a mistake by .inadvertence in issuing it. Laidley v. Bright, 17 W. Va. 779.
Objections in Appellate Court.—After judgment by default, a party cannot object in the appellate court, to the truth of a sheriff’s return. Cunningham y. Mitchell, 4 Rand. 189.
Return on Notice—An amendment of the return made by an officer on a notice, does not permit him in any wise to change or amend the notice itself, and if he does, the changed or amended notice is a nullity. White v. Sydenstricker, 6 W. Va. 46.
Justice’s Court.—Return of service of a summons from a justice’s court, defective in failing to show that service on a corporation’s agent was made in the county of his residence, may be amended, either before the justice or in the circuit court upon an appeal. Hopkins v. B. & O. R. Co., 42 W- Va. '535, 26 S. E. Rep. 187.
Certiorari to Justice.—And upon a writ of certiorari from a judgment of a justice, the circuit court may *128 allow the return on the summons, issued by the justice, to be amended. McClure-Mabie Lumber Co. v. Brooks, 46 W. Va. 732, 34 S. E. Eep. 921.
Pendency of Suit on Original Return.—A court from which process is issued may permit the sheriff’s return thereon to be amended at any time, even though a suit or motion founded on the original return be then pending, and even though the proposed amendments be inconsistent with the original return, and take away the foundation of the suit or motion. Stone v. Wilson, 10 Gratt. 529; Stotz V. Collins, 83 Va. 423, 2 S. E. Rep. 737.
Not Ground for Continuance.—The allowance of an amendment to the sheriff’s return on a writ of summons is not ground for a continuance, though, before the amendment, there was nothing to show a valid service of the writ, especially where the case had previously been set for trial by consent. Atlantic & D. E. Co. v. Peake, 87 Va. 130, 12 S. E. Eep. 348.
Amendment as Affecting Liability of Sureties.— Where a sheriff has made a return on an execution and on that return, in part, a decree has been entered, in a subsequent proceeding against him and his sureties, he will not be permitted to amend his return, so as to explain it away and enable his sureties to escape liability for his default. Carr v. Meade, 77 Va. 142.
Effect on Subsequent Mortgagees.—It is immaterial that subsequent mortgagees of a corporation may be injured by an amendment, it not being shown that they were aware of the irregularity in the judgment, which was duly docketed, when they took their mortgages, and if they were, they would nevertheless acquire their lien subject to the plaintiff’s right to have the record perfected. Shenandoah Valley E. E. Co. v. Ashby, 86 Va. 232, 9 S. E. Eep. 1003.
Extent of Right to Amend.—If two writs of scire facias be successively issued, the returns on which are both defective, and the defendant, after pleading specially, obtains leave to withdraw his plea, as having been improvidently pleaded, the court ought not thereupon to permit the sheriff to amend both his returns, but only that on the first writ quashing the second writ, and remanding the cause to rules for further proceedings. Lee v. Chilton, 5 Munf. 408.
Amended Return Relates Back to Original Return.— When an officer’s return of process is amended by leave of court, the amended return relates back to, and takes place of the original return, as if it had been the first return; and any pending proceeding founded on the first return is, after the amendment, tested and tried by the amended return. McClureMabie Lumber Co. v. Brooks, 46 W. Va. 732, 34 S. E. Rep. 921, citing Capehart v. Cunningham, 12 W. Va. 750; Stone v. Wilson, 10 Gratt. 533; Stotz v. Collins, 83 Va. 483,2 S. E. Eep. 737; Eailroad Co. v. Ashby, 86 Va. 232, 9 S. E. Eep. 1003. See Anderson v. Doolittle, 38 W. Va. 633,18 S. E. Eep. 726.
Time for the Amendment.
In General.—The extensive power with which every court is ordinarily clothed, to permit an amendment of a return of its own process, whether original, mesne or final, for the correction of a casual and honest mistake or omission, may be exercised in all cases where it exists at all as well after judgment as before. In some cases it has been exercised even to the extent of taking away altogether a cause of action, growing out of the original return, and even though a suit or motion founded on the original return was pending at the time. And it makes no difference that the officer by whom the return was 'made, has gone out of office or is dead; there being no specific limitation of time within which the power may be exercised, although after a considerable lapse of time, it should be exercised with caution, and in no case ought it to be exercised, unless the court can see that it will be in furtherance of justice. S. V. E. E. Co. v. Ashby, 86 Va. 232, 9 S. E. Eep. 1003.
Before Judgment.—The court ought to permit the sheriff to amend his return upon a writ of ad quod damnum, at any time before the judgment upon it. Dawson v. Moons, 4 Munf. 535.
Any Time after Return Day.—And a sheriff may be permitted, by order of court, to make a return upon an execution, or to amend it, according to the truth of the case, at any time after the return day. Bullitt v. Winstons, 1 Munf. 269.
After Verdict.—Also, where execution is awarded on a forthcoming bond against the principal and surety therein, but the sheriff makes his return only as to the surety, the court after trial and verdict may allow the sheriff to amend his return. Smith v. Triplett, 4 Leigh 590.
After Action Commenced against Sureties.—Moreover, a sheriff will be permitted to amend his return on an execution, after an action has been commenced by the plaintiff in the execution against the sheriff and his sureties on his official bond, founded on the return. Wardsworth v. Miller, 4 Gratt. 99. See also, Lathrop v. Lumpkin, 2 Eob. 49.
Lapse of Seven Years.—A sheriff has been permitted by the court to amend his return after a lapse of seven years from its date. Rucker v. Harrison, 6 Munf. 181.
Lapse of Thirteen Years.—The court, in Hopkins v. B. & O. R. Co., 42 W. Va. 535, 26 S. E. Rep. 187, said: “Under a statute like that involved here, it was held, in Eailroad Co. v. Ashby, 86 Va. 232, 9 S. E. Eep. 1003, and the case is pointed authority in this case, that the return to a summons may be amended thirteen years after the judgment by default has been rendered, so as to show that the county in which service was had on the defendant corporation was the county in which the agent resided, and the judgment thereby validated.”
Amended by Sheriff or Deputy.—The sheriff or his deputy will be permitted to amend his return of process, mesne or final, so as to make it conform to the facts. State v. Martin, 38 W. Va. 568, 18 S. E. Eep. 748; Stone v. Wilson, 10 Gratt. 529; Wardsworth v. Miller, 4 Gratt. 99.
Cause May Be Tried at Same Term —It is not error to try a cause at a term at, which a sheriff is permitted to amend his return, showing that a party was duly served with notice, when in fact such party had been actually served with notice to appear at that term. Trimble v. Patton, 5 W. Va. 432.
Liberality of Courts.—Courts are liberal in allow-. ing officers-to amend their returns, according to the truth, when a casual and honest mistake has occurred. 4 Min. Inst. (3d Ed.) 1042, and cases cited; Hopkins v. B. & O. R. Co., 42 W. Va. 535, 26 S. E. Eep. 187; S. V. E. E. Co. v. Ashby, 86 Va. 232, 9 S. E. Rep. 1003.
“The law of amending returns is very liberal.” McClure-Mabie Lumber Co. v. Brooks, 46 W. Va.732, 34 S. E. Rep. 921.
IV. OF AFFIDAVIT FOR ATTACHMENT.
An affidavit for an attachment cannot he amended *129 except as to merely clerical defects, and as to other facts relied on to show the existence of the grounds for attachment. W. Va. Code 1891, ch. 106, sec. 1, goes no further in allowing amendments than as to such additional facts. Sommers v. Allen, 44 W. Va. 120, 28 S. E. Rep. 787; Bohn v. Zeigler, 44 W. Va. 402, 29 S. E. Rep. 983.
When Additional Facts Must Exist.—But an amended affidavit in an attachment cause, stating additional facts to show the existence of the ground of attachment specified in the first affidavit, must show that such facts existed at the date of the first affidavit. Sommers v. Allen, 44 W. Va. 120, 28 S. E. Rep. 787.
Omission of Word “Justly.”—The omission, from the affidavit for attachment, of the word “justly” cannot be cured by amendment. Sommers v. Allen, 44 W. Va. 130, 28 S. E. Rep. 787.
Mistake in Date. —A mistake in the date of an affidavit may be amended. Anderson v. Kanawha Coal Co., 13 W. Va. 526.
V. IN CRIfUNAL PROCEEDINGS—LOST INDICTMENT.
If, in a prosecution for a felony or misdemeanor the indictment is lost at any time before the trial, though after arraignment and plea, the accused cannot be tried upon it. Bradshaw v. Com., 16 Gratt. 507, following G anoway v. State, 22 Ala. 772, and Harrison v. State, 10 Yerg. (Tenn.) 542, and holding that the act, Va. Code, ch. 180, p. 69, authorizing the lost record or paper to be substituted by an authenticated copy or proof of its contents, applies only to civil cases, and does not extend to records or papers in criminal proceedings.
See monographic note on “Indictments, Informations, and Presentments” appended to Boyle v. Com., 14 Gratt. 674.
A. OF VERDICT.
By Direction of Court.—The court may, for good reason, return a jury to its room to further consider and amend or alter its verdict, at any time before a verdict is received by the court and the jury discharged. State v. Cobbs, 40 W. Va. 718, 22 S. E. Rep. 310.
At Request of Jury.—in the case of Sledd v. Com., 19 Gratt. 813, upon the rendition of the verdict, the defendant, for certain reasons then expressed, moved the court to set aside the verdict. One of the jurors, after hearing the discussion upon the motion to set aside, said that he desired to amend the verdict. Thereupon the court inquired of the jury whether they desired to amend their verdict and each of the jurors answered that he did. The jury were then allowed to amend their verdict, which proceeding was subsequently approved by the supreme court.
Period within Which Jury May Amend.—Where the jury has not been discharged or the verdict recorded it is a familiar practice to allow the jury to amend their verdict; but after they are discharged amendments are not allowable. Sledd v. Com., 19 Gratt. 813; Mills v. Com., 7 Leigh 751; Com. v. Gibson, 2 Va. Cas. 70.
1. Name oe Accused.—Where by mistake a wrong name is inserted in an indictment for a misdemeanor, though the record of the court and the ■ endorsement on the indictment shows the correct name, the indictment cannot be amended by striking out the wrong name and inserting the name of the person intended. Buzzard’s Case, 5 Gratt. 694.
Where defendants indicted jointly for a misdemeanor, have been duly summoned, but fail to appear, the court may, in their absence, amend the indictment against “S. C.,” and make it read “S. S. alias S. C.” Shiilett v. Com., 90 Va. 386,18 S. E. Rep. 838. See Va. Code 1887, sec. 3999.
Where an indictment for a wilful trespass was against J. M„ but the grand jury endorses it as against T. M., “'a true bill,” and it is so noted in the record, the court cannot alter or amend the record so as to make it conform to the indictment. McKinney’s Case, 8 Gratt. 589.
Where the grand jury find an indictment against C & D, but the clerk, in making a minute of the finding, accidentally omits the name of D, the record cannot be amended at a subsequent term of the court, by inserting the name of D in the minutes. Drake & Cochren’s Case, 6 Gratt. 665.
B. OF INFORMATION.
Where No Offence Charged.—If the offence charged in the presentment, upon which the information is based, does not amount to a 'misdemeanor, the court ought not to permit the attorney for the commonwealth to amend his information. Com. v. Williamson, 4 Gratt. 554.
After Motion to Quash.—But on an information for perjury, the attorney for the commonwealth may amend the information in accordance with the presentment on which it is founded, after the appearance of the defendant and a motion by him to quash it. Com. v. Lodge, 6 Gratt. 699.
VI. JEOFAILS.
A. AT COMMON LAW.-By the common law, if the issue joined be such as necessarily to require, on trial, proof of facts, defectively or imperfectly stated, or omitted, and without which it is not to be presumed that the judge would direct the jury to give, or the jury would have given, the verdict, such defect, imperfection, or omission is cured by the verdict. Laughlin v. Flood, 3 Munf. 256; Davis v. McMullen, 86 Va. 258, 9 S. E. Rep. 1095; Lincoln v. Iron Co., 103 U. S. 415.
See monographic note on “Judgments” appended to Smith v. Charlton, 7 Gratt. 425, and subtitle “Judgments by Default”
Surplusage,—Surplusage in pleading does not, in any case, vitiate after verdict. Thus, in debt on a judgment for £50 19s. lOd. the verdict finds for the plaintiff the sum of £50 “that being the debt in the declaration mentioned,” the error is in the sum only, which may be regarded as surplusage, and the verdict is cured by the statute of jeofails. Roane v. Drummond, 6 Rand. 182.
Defective Plea.—The proper plea to an action of debt upon a prison bounds bond is “conditions performed”; but as the plea “that he was not guilty of the premises laid to this charge,” is substantially the same, it is good after verdict. Payne v. Ellzey, 2 Wash. 143.
But it seems that a plea of “the act of limitations” in those words only, to which the plaintiff replies generally, is good after verdict. Cook v. Darby, 4 Munf. 444.
Wrong Form of Action.—-if a man, prosecuted without probable cause for stealing a deed, brings trespass on the case instead of trespass, the error cannot be taken advantage of in arrest of judgment; the error being cured by the act of jeofails. Cleek v. Haines, 2 Rand. 440.
Averment of Demand in Detinue.- -If the declaration in detinue does not contain a demand “that the defendant surrender to the plaintiff” the property sued for, yet, after verdict on the plea of non detinet, *130 judgment ought not to be arrested. Boggessv. Boggess, 6 Munf. 486.
Doctrine of intendment.—Nothing will be presumed after verdict, but what must have been necessarily proved from the matter stated In the declaration, and therefore, the total want of an averment of fact, which constitutes the gist of the action, will not be cured after verdict by the act of jeofails. Chichester v. Vass, 1 Call 83,1 Am. Dec. 509.
Collateral Parts of Pleading.—Defects, omissions, or imperfections, though in form only, appearing in some collateral parts of the pleading which were not in issue between the parties, may not be cured by the application of this doctrine of intendment, as there is no room for the presumption that the defect or omission was supplied by proof. Bailey v. Clay, 4 Band. 346.
“A verdict operates, under the act of jeofails, only where the case is defectively stated in the declaration, and not where no case or title is made. It cures on the ground that proof is presumed to have been given at the trial, without which the jury could not have found the verdict In question; but it does not cure in cases in which no such presumption can be made. The court presumes proof to have been given as to facts imperfectly laid, but not as to facts not laid; it only presumes such proof to have been given as is called for by the averments in the declaration.” Laughlin v. Flood, 3 Munf. 273.
Imperfect Statement of Essential Facts.—A verdict cures, where the essential facts are imperfectly stated, but not where they are entirely omitted. Fulghamv. Lightfoot, 1 Call 250; Horrelv. M’Alexander, 3 Band. 101, opinion of CARR, J.
See “Omission of Essential Elements.”
Ambiguities.—The court, in Chichester v. Vass, 1 Call 83,1 Am. Dec. 509, said: “Under our act of jeofails, according to the principles of construction adopted by the courts of law in England, a verdict will cure ambiguities, but it will not cure a declaration where the gist of the action is omitted; for, no proof at the trial can make good a declaration, which contains no ground of action upon the face of it. This is the distinction laid down in the case of Bushton v. AspinaZi, Dougl. 679, and upon this distinction, this court went in the case of Winston V. Francisco, 2 Wash. 187.”
Averment of Breach.—If the breach in a declaration is not sufficiently laid, and, therefore, would be bad on demurrer, it will, nevertheless be cured by a verdict, if the necessary facts are stated, though imperfectly. The distinction taken in Chichester v. Vass, 1 Call 83, and in Fulgham v. Light-foot, 1 Call 250, Is between necessary facts not being stated at all, and being imperfectly stated. In the first case, a verdict does not cure; in the second, it does. Horrel v. McAlexander, 3 Band. 94; Peas’ Case, 2 Gratt. 640.
Promise to Pay in Assumpsit.—But if the promise to pay, in an action of assumpsit, be not averred, the omission is not cured by the verdict; or where the promise is averred by way of recital, instead of positively, the error is fatal after verdict. Winston v. Francisco, 2 Wash. 187; Sexton v. B¡olmes, 3 Munf. 566.
Refusal of Payment.—A declaration, however, which charges only that the defendant “hath and does refuse to pay,” without alleging that he has not paid, is good on general demurrer. Cobbs v. Fonntaine, 3 Band. 484.
Condition Precedent.—The failure to allege the performance of a condition precedent, in a declaration, will be cured by a verdict at common law. Bailey v. Clay, 4 Band. 346.
Separate Values.—Failure to lay a separate value in an action of detinue, as to each slave demanded, is an error which would be fatal on demurrer, but is cured by a verdict severing the values. Holladay v. Littlepage, 2 Munf. 539.
Payment on Demand.—In Winslow v. Com., 2 H. & M. 459, in debt on a sheriff’s bond, the declaration charging that he failed to pay the taxes on demand, instead of at the time appointed by law, was held sufficient after verdict.
Charging Heir Only In the Detinet.—Charging an heir in the detinet only, instead of in the debet and detinet as is proper, is not a fatal defect after verdict, or upon general demurrer. Waller v. Ellis, 2 Munf. 88.
Demise and Ouster in Ejectment—if, in. ejectment, the demise and ouster be laid precedent to the plaintiff’s title, it is cured by the act of jeofails. Duval v. Bibb, 3 Call 362.
Haliciously Suing Out Attachment.—Where, in an action for maliciously suing out an attachment, against the effects of the plaintiff, the declaration alleges, that the attachment was sued out “wrongfully and without good cause,” instead of “maliciously and without probable cause,” such an irregularity Is cured by the verdict. Spengler v. Davy, 15 Gratt 381. It would certainly seem that the cases of Kirtley v. Deck, 2 Munf. 10; Ellis v. Thilman, 3 Call 3 ; Young v. Gregorle, 3 Call 446, would have dictated an opposite decision In the above case, but the court reconciled Its decision on the ground that these cases were decided in the absence of some of the most sweeping provisions of the present statute of jeofails.
Declaration by Firm Name.—A declaration in behalf of a mercantile company, by the name of the firm, without mentioning the names of the partners, is good after a verdict for the plaintiffs upon the general issue. Pate v. Bacon, 6 Munf. 219; Totty v. Donald, 4 Munf. 430. See Scott v. Dunlop, 2 Mnnf349; Murdock v. Herndon, 4 H. & M. 207.
Covenant—Certainty.—On a covenant In which the plaintiff engaged to serve the defendant as his overseer, for one year, and the defendant to pay the plaintiff a certain part of all grain made on the plantation (after deducting the seed) oats excepted; a declaration charging that the defendant did not at the closs of the year, pay to the plaintiff such part of the grain made on the plantation (without setting forth what crop was made) is good after verdict. Laughlin v. Flood, 3 Munf. 255.
Naming of Issue.—In detinue, if a negro woman by name, and her issue (without naming them), be demanded in the declaration and the jury find the names of the issue, the defect (if any) is cured after-verdict. Holladay v. Littlepage, 2 Munf. 539.
Where an action was brought on a bond for $188, which is declared on as for $108, and the defendant confessed judgment for the debt in the declaration mentioned, and judgment is entered for $108, this is not a clerical error which may be amended under the 108th section of the statute of jeofails, 1 Bev. Code, ch. 128. Compton v. Cline, 5 Gratt. 137-
Writ of Right—The statute of jeofails extends to writs of right, therefore, if the verdict and judgment be substantially right, though not in the words-of the law, they ought not to be disturbed. Turberville v. Long, 3 H. & M. 309.
A count upon a writ of right describing the land demanded as a certain number of acres, part of a *131 larger tract, and setting forth the boundaries of such larger tract is sufficiently certain after verdict. Lovell v. Arnold. 2 Munf. 167.
Failure to File Plea.—in a writ of right, the failure to file a plea is not cured by a verdict in favor of the tenant. Rowans v. Givens, 10 Gratt. 250.
Blanks, Informalities, Bad Grammar.—After verdict for the tenant in a writ of right, the blanks, informalities and bad grammar of plea and replication is immaterial. Snapp v. Spengler. 2 Leigh 1.
Distinction between Defective Statement of Title and Statement of Defective Title.—“if the declaration states a defective title or cause of action, though it state it well, or if it state no title or cause of action at all, neither common law nor the statute of jeofails helps the judgment. If it states a defective title, it shows that there is no right to recover; if it states no title, the presumption is irresistible that the plaintiff could not-have made out a case by proof on the trial. But if it states a good title, but states it defectively, it is fair to say that the plaintiff on the trial proved a good case, else the jury would not have found for him, and the statute cures the defective statement.” Longv. Campbell, 37 W. Va. 665, 17 s. E. Rep. 199, citing Chichester v. Vass, 1 Call 83; Fulgham v. Lightfoot. 1 Call 250; Laughlin v. Flood, 3 Munf. 273, opinion of court.
Where a plea is so defective as not to raise a substantial defence to the action, the plea is bad even under the statute of jeofails; and a repleader ought not to be awarded by the appellate court, though no objection was raised thereto in the court below, and issue had been joined thereon. But where an improper or defective plea raises a substantial defence to the action, and it is unobjected to in the court below, and issue is joined thereon, after verdict or judgment it is too late to object; the defect being cured by the statute of jeofails. State v. Seabright, 15 W. Va. 590, citing Callis v. Waddy, 2 Munf. 511; Tomlinson v. Mason, 6 Rand. 169; Dimmett v. Eskridge, 6Munf. 308; Hunnicuttv. Carsley, 1 H. & M. 153 ; Cleek v. Haines, 2 Rand. 440; Chew v. Moffett, 6 Munf. 120; Pence v. Huston, 6 Gratt. 304.
B. UNDER THE STATUTE.
1 Joindkii ob Isstjbi.—It is a perfectly well settled rule of law. that the statute of jeofails will cure a misjoinder or informal joinder of issue, but it is equally well settled that it will not cure a non j oinder or want of issue altogether. Petty v. Frick Co., 86 Va. 501, 10 S. E. Rep. 886; Johnson v. Fry, 88 Va. 695, 12 S. E. Rep. 973; Southside R. Co. v. Daniel, 20 Gratt. 345 (a case of nonjoinder); McMillion v. Dobbins, 9 Leigh 422; White v. Clay, 7 Leigh 68 (a case of misjoinder); Sydnor v. Burke, 4 Rand. 161; Walden v. Payne, 2 Wash. 1: Stevens v. Taliaferro, 1 Wash. 155; Wilkinson v. Bennett, 3 Mnnt 314; Totty v. Donald, 4 Munf. 430; Lockridge v. Carlisle, 6 Rand. 21 (cases of nonjoinder or want of issue); Simmons v. Trumbo, 9 W. Va. 358; Huffman v. Alderson, 9 W. Va. 617; Moore v. Mauro, 4 Rand. 488 (cases of misjoinder).
Want of Similiter.—But the mere want of a similiter shall not after a trial, vitiate the verdict. Brewer v. Tarpley, 1 Wash. 363.
Where there has been a demurrer to any pleading, and the same has been overruled, the statute cures no defect, imperfection, or omission therein, except such as could not be regarded on demurrer. 4 Min. Inst. (3d Ed.) 941; Va. Code 1887, sec. 3246; Southern Railway Co. v. Wilcox, 98 Va. 222, 35 S. E. Rep. 855.
The misjoinder of an issue is not fatal after verdict, when it is stated in the record that issue was joined. Moore v. Mauro, 4 Rand. 488.
Former Rulings.—Misjoinder of issue was, at one time, held not to be cured by the statute of jeofails. Stevens v. Taliaferro, 1 Wash. 155: Wilkinson v. Bennett, 8 Munf.314. ButitwasheldotherwiseinMoore y. Mauro, 4 Rand. 488, and this decision in Moore v, Mauro, supra, apparently met the approbation of the court in the case of Southside R. Co. V. Daniel, 20 Gratt. 360.
Upon the plea of payment or nonassumpsit, though all the evidence has not been certified, yet if the pica be such that the plaintiif could reply no special matter without a departure from the allegations of the declaration, but could only take issue on the plea, the nonjoinder will be cured by the statute of jeofails. Douglass v. Central Land Co,* 12 W. Va. 502.
Joinder of Counts in Contract and Tort.—After verdict, without a demurrer, the statute of jeofails cures a misjoinder of counts, as where counts ex delicto are joinder in the same declaration with counts ex contractu. N. & W. R. R. Co. v. Wysor, 82 Va. 250.
Defective Declaration of Title by Descent.—A defective plea and issue joined upon a defective declaration of title by descent, in an action against an heir on his ancestor’s covenant, is cured by the act of jeofails. Woodford v. Pendleton. 1 H. & M. 303.
Also, a defective setting forth of title by descent in an action by an heir for breach of covenants contained in a conveyance of lands to his ancestor, is good after verdict. Woodford v. Pendleton, i H. &M. 303.
Plea of Nil Debet in Assumpsit— A plea of nil ddxt in an action of indebitatus assumpsit is cured by a verdict and will be treated in the appellate court as if it had been a plea of nonassumpsit. Smith v. Townsend, 21W. Va. 486.
Plea of Not Guilty in Covenant.—Also, a plea of not guilty to an action of covenant is cured by a verdict. Hunnicuttv. Carsley, 1 H. & M. 153.
Plea of 5tatuie of Limitations.- -And, if a plea o t the statute of limitations to an action of covenant is defective in form or substance, but is not demurred to, such plea is cured after verdict by the statute of jeofails, Va. Code 1873, ch. 177, sec. 3; Davis v. McMullen, 86 Va. 256, 9 S. E. Rep. 1095.
Actio Personalis Moritur Cum Persona.—ftuch an error as giving judgment for the plaintiif, in an action for deceit against the vendor’s personal representative, will not be cured by the act of jeofails. 1 Rev. Code of 1819, ch. 128, sec. 103, p. 511; Boyles v. Overby, 11 Gratt. 202, disapproved in Lee v. Hill, 87 Va. 497, 12 S. E. Rep. 1052.
Extent of Curative Effect.—If errors in the pleadings or proceedings are cured by the statute of jeofails as to one defendant, they are cured as to all the defendants. Jenkins v. Hurt, 2 Rand. 446.
2. Omission op Essential Eiucments.—In spite of the sweeping provisions of the statute of jeofails, it does not apply to cases in which the declaration sets forth no cause of action or no ground of defence, as where there is a total omission to state matters essential to a cause of action or defence. Roanoke Land & Imp. Co. v. Karn, 80 Va. 589; Boyles v. Overby, 11 Gratt. 202; Davis v. Com., 13 Gratt. 139, 151; Laughlin v. Flood, 3 Munf. 273; Buckner v. Blair, 2 Munf. 336; Braxton v. Lipscomb, 2 Munf. 282; Green v. Dulany. 2 Munf. 518; Sydnor v. Burke, 4 Rand. 161.
Where a declaration shows that the plaintiifs have *132 no right oí action, but on the contrary that the right of action is in another, and verdict is found for the plaintiffs, the statute of jeofails. 1 Bev. Code, ch. 128, sec. 103, does not apply to the case, and does not cure such a defect. Boss v. Milne, 12 Leigh 209, 37 Am. Dec. 646; Eobrechtv. Marling, 29 W. Va. 765, 2 S. E. Bep. 827. ; L , ; , ,
Quiere, if the plaintiff omits to aver in his declaration matter necessary to show a good cause of action, and the defendant,- instead of demurring, pleads the general issue, whether, upon the construction of the statute of j eofails, 1 Rev. Code, ch. 128, sec. 103, p. 512, the plaintiff is bound to prove the matter at the trial of the issue, which he has not averred in his declaration. Thompson v. Cumming, 2 Leigh 321. . = . . ;
To hold a defendant liable upon a canse of action not asserted, is going to the utmost verge of the law, even where such a cause of action is proved. But to hold him liable for such cause when not proved, or proved by evidence not admissible if the suit had been brought for that cause, is going beyond the letter and spirit of the law. Boyles v. Overby, 11 Gratt. 202, and note. . . . .
An action is misconceived in the sense of the statute of jeofails, only in a case, wherein upon the trial, the proofs show a cause of action fit to be asserted in a form different from that adopted. The defendantis held liable upon proof showing a liability; and if no objection is made to the form of the action until after verdict, the defect is cured thereby. Boyles v. Overby, 11 Gratt. 202.
But under the statute of jeofails of 1819, the omission to allege property in the plaintiff, in the declaration, is cured after verdict. Vaiden v. Bell, 3 Band. 448.
Averment of Notice.—The failure of the plaintiff, in an action on a collateral promise, to aver notice to the guarantor of the performance of the act contemplated by the promise, and, perhaps, of a failure to pay by the person, in whose favor the undertaking was made, will be cured by the statute of jeofails, after verdict. Pasteur v. Parker, 3 Band. 458.
Misnomer.—Where suit is brought against the president and directors of a branch bank, this is not a mere misnomer, which must be pleaded in abatement, but is a bar to any recovery; and though the verdict is founded upon the general issue pleaded, the error is not cured by the statute of jeofails. Mason v. Farmers' Bank, 12 Leigh 86.
Ejectment.—Under sec. 5, ch. 177 of Va. Code 1873, an amendment of a judgment for the plaintiff in ejectment “for their termyet to come in the lands,” etc., so as to conform with the plaintiff’s claim and the requirements of the Va. Code 1849, whereby ejectment was adopted to try title to, as well as to get possession of land, is not erroneous. Alvey v. Cahoon, 86 Va. 173, 9 S. E. Rep. 994.
a. Gist of Action Omitted.—“Though the statute of jeofails will aid many omissions after a verdict, it will not cure the defect in a declaration, in which the very gist of the action is omitted to be charged.” Moore v. Dawney, 3 H. & M. 134. See Smith v. Walker, 1 Wash. 135.
Statements under Quodcum.—The gist of the action must, in all cases, be directly and positively averred in the declaration, therefore, if in trespass, the plaintiff declare “for that whereas," etc., and does not make a positive averment, it is error, and will not be cured by the verdict. Moore v. Dawney, 3 H. & M. 127; Lomax v. Hord, 3 H. & M. 271, citing
Winston v. Francisco, 2 Wash. 187; Chichester v. Vass, 1 Call 83; Cooke v. Simms, 2 Call 39.
3. cetminai, cases.
a. Errors Cured.—The statute of jeofails is frequently applied in criminal cases to cure informal defects in indictments, or such as are not essential or of the substance of the charge. As, where in an indictment for grand larceny, the charge was for stealing on a certain day, in the year one thousand eight hundred and twenty-thee, leaving out the r; and in rape, the using of the word “female” child, instead of “woman” child, and omitting the word "unlawfully”; and in an indictment for malicious and voluntary shooting, using the term “wilfully” instead of "voluntarily.” Aldridge v. Com., 2 Va. Cas. 447; Com. v. Bennet, 2 Va. Cas. 235; Trimble v. Com., 2 Va. Cas. 143.
Where, in an indictment for forgery of bank notes, the notes are referred to as being annexed to the count, instead of setting out the tenor of the forged notes, this careless and irregular mode of counting is cured, after verdict, by the act of jeofails. Com. v. Ervin, 2 Va. Cas. 337.
Indorsement of Grand Jury’s Finding on Indictment. —It has been held that where an indictment filled the whole sheet of paper and was then folded in another half sheet of the same size, on which half sheet the attorney indorsed “Commonwealth v. Joseph Burgess, indictment,” and immediately below, in the handwriting of the foreman of the grand jury was indorsed “A true bill, Robert Hamilton, Foreman,” although the half sheet of paper was blank except the indorsement, and although it was not otherwise attached to the indictment then being folded around it, yet the indictment enveloped by it must be considered as the indictment which was passed on by the grand jury, and on which, verdict was found by the jury. Though the objection was a good one, it would come too late after verdict. Burgess v. Com., 2 Va. Gas. 483.
Sufficient Certainty.—Where, in a presentment, the offence is charged with a sufficient certainty for judgment to be given thereon according to the very right of the case, any defect in the presentment will be aided by the verdict. Thus, where an indictment against S for keeping an office and transacting business as agent of the protection Insurance Company of Hartford, incorporated and authorized by the laws of Connecticut, without having a license therefor, did not allege that the said company was an insurance company, the error was held to be cured by the verdict. Slaughter v. Com., 13 Gratt. 767.

b. Errors Not Cured.

Ownership of Stolen Bank Notes.—if the indictment for stealing bank notes does not charge that they are the bank notes of, or belong to, some person or persons by name, or of, or to, some person to the jurors unknown, the defect is fatal, and is not cured by the act of jeofails. Barker v. Com., 2 Va. Cas. 122.
. I Omission of Word “Feloniously.”—The statute of criminal jeofails does not cure an indictment for stealing bank notes under the act of 1806, which fails to charge that they were feloniously stolen. Barker v. Com., 2 Va. Cas. 122.
: < i i 1 Intention of Statute.—The statute of criminal jeofails was not intended to introduce a carelessness or laxity in pleading but merely to cure those defects which the over-nicety of the courts had introduced into the common law, and which did not put the rights of the commonwealth or the accused *133 into jeopardy. Barker’s Case, 2 Va. Cas. 122; Old y. Com., 18 Círatt. 930.
Origin of Statute.—That part oí our statute of jeofails which cures the omission of all averments, “without proving which the jury ought to have found such a verdict,” is not taken from the English statute, hut is the adoption oi the principle established in the English courts, and which is well explained in Ruston v. Aspinall, Dongl. 658, per Roane, 3. Stephens v. White, 2 Wash. 210.