PENDLETON, President,
after stating the case, delivered the resolution of the Court, to the following effect:
Whether the damages are excessive or not, we have nothing to direct our judgment; and are bound to presume they were given commensurate to the real injury, and were not the effect of a vindictive temper in the jury.
That a man, deprived of a beneficial office, may maintain an action against him, who, by an unlawful act deprives him of it, is admitted by Mr. Wickham; but it is properly objected by him, that a declaration stating that abstract proposition without shewing how it applies to the parties, would be insufficient even after verdict.
The question therefore is, whether this declaration sets forth sufficient matter to entitle the plaintiff to the application of the principle?
The declaration is certainly informal, and a skilful pleader would have put it into a better shape. A proper declaration would have set forth, that the plaintiff was duly appointed inspector of lumber at Smithfield, and entitled to the legal fees of that office; to be paid to him, by all such as exported lumber from the said town; who were compelled by law to obtain his certificate of such inspection. *223 before the lumber could be exported. By which fees the said plaintiff received from the merchants of Smithfield, an income of 50/. a year for the better support of himself and family; yet, the defendant not ignorant of the premises, but contriving and fraudulently intending to render the employment aforesaid of the said plaintiff unnecessary, and thereby deprive him of his legal fees aforesaid, forged the certi-. ficate; whereby the plaintiff was deprived of his fees of office aforesaid to his damage, &c. And we are to examine if the essential parts are pursued in the present declaration.
I throw out of the case the latter part of the declaration relative to the two certificates: Which I consider as different from the part first particularly stated, and take the declaration as stopping at the end of the averment as to the first. Thus, viewing the other as a separate count, or rather as a proferí in curia of other papers which he meant to use in evidence.
The declaration states the plaintiff to be an inspector of lumber at Smithfield, by which he obtained an honest livelihood at the salary of 50/. per annum, which was paid him by the merchants of that town. That he had been used to inspect lumber from time to time, and to grant certificates purporting that the lumber was good and merchantable, which was always signed with his own hand. That the defendant, a merchant in that town, having knowledge of the premises, and with intent to cheat and defraud the plaintiff in his calling of a lumber-inspector, did, some time in January, 1794, send down to Norfolk a sloop loaded with lumber, to the amount of thirteen or fourteen thousand staves, including heading of good merchantable lumber, which sloop had on board a certificate or certificates under the signature of the plaintiff, purporting that there was on board the lumber before described. It then avers, that all and every certificate or certificates for the lumber on board the sloop were forged by the defendant, and further, that he never inspected any lumber for the plaintiff since October, 1792. That the certificate or certificates aforesaid, were dated in January, 1794, and that the forgery of the defendant, in those certificates, is a great fraud upon the plaintiff, insomuch that he has been compelled thereby to leave off his business as an inspector of lumber, whereby he obtained a salary of 50/. a year, to his damage, &c.
It is objected, that the plaintiff should have stated specially, how the act of the defendant operated to produce *224 the loss in his employment; and if, as the counsel insisted, it was impossible to draw the conclusion- from what is set forth, that such was the effect of the defendant’s act, the objection would have been good; although, it is alledged it was done by the defendant, with intent to cheat and defraud the plaintiff in his office, with an averment, that he was thereby compelled to leave off his office, by which he obtained a salary of 50/. a year.
The difficulty arises from an idea impressed by the word salary; which, in common acceptation, imports a certain annual stipend, payable to an officer for performing his whole duty, and if those for whom he was to act, excused him from the duty, no matter how, by forgery or otherwise, if he continued to receive his annual stipend, he could have no reason to complain. But, when we recur to the act of Assembly, [c. 124, R. C. ed. 1803,] and find no salary annexed to the office, but that the profits were fees to be paid for each inspection and certificate; the term salary, explained by what follows, that it was paid by the merchants of Smithfield, must mean an income arising either from the fees to be paid by those merchants, when his services were required, or (which the charge might mean) from a commutation of those fees, by a gross sum paid annually by the merchants. In either case, if he lost the income by the forgery, his right of action was equally sustainable.
Upon the general charge, that he lost his salary or income by the forgery of the defendant, made with intent to cheat and defraud him in his office, the defendant could not be surprised. He knew the act of Assembly gave fees, and not a salary; and, if there was a commutation, changing them into a certain sum, which had been paid, notwithstanding the forgery, the defendant who is stated to be one of the body who made it, ought to have been prepared, and I presume was, to meet the proof of the plaintiff, on the loss to him by the forgery.
On this view of the declaration, and recurring to the act of Assembly, which requires the certificate of inspection, to be produced to the captain of a vessel, before lumber can be received on board for exportation, the consequential, damages alledged, are so far from being impossible, that they are obvious. The forging of the certificate, rendered his employment unnecessary, and so deprived him of his fees.
*225 The penalty spoken of, as the remedy which should have been pursued, is upon the captain who receives lumber on boai'd, without a certificate of inspection; from which, this certificate would exempt him, unless he knew it to be forged. Besides, it is given to the informer, and not a party grieved: who is left to the common law remedy. '
So, that I think, upon the whole, ibis declaration would be sufficient after a verdict, if we are not restrained by the precedent in this Court, in the case of Chichester v. Vass.
I have revised my notes in that case, and as far as concerns the present question, I believe my opinion accorded with that of the other Judges. My note is this, ei The promise as laid, does not upon the marriage, give the action; but, other things are to happen to entitle the plaintiff,' which may be considered as the gist of the action, and ought to have been averred; that is, that the defendant had given to another daughter such a sum; for, on that, his right of action accrued upon the promise to do equal justice to all his daughters. I concur in thinking this defect not cured by the verdict under the act of Assembly, presuming proof to have been given of facts imperfectly laid in the declaration, but not such as are not laid at all.”
That case establishes the distinction betwéen necessary’ facts being not stated at all, and being imperfectly stated; and, the latter appears to be the present case. The loss of profit is alledged, but, imperfectly; and, we presume, under the act, that the defect was supplied by proof to the jury. None of the cases cited appear to destroy this distinction, and
The judgment is, therefore, affirmed.