Judge Carr:
I think this case may be settled on the first judgment of the County Court. If the Superior Court erred in its reversal of this judgment, we may correct the error without meddling with the multifarious matter, with which the subsequent part of the record abounds. To the first judgment of the County Court, there are three objections: 1. That the award is not mutual,. 2. That it is not final. 3. That the breach in the declaration is not sufficiently laid.
The first objection rests upon the idea, that something must be awarded on both sides. This was certainly the law formerly. As (for example) if it had been awarded, that the obligor, in a single bond, should pay the debt; the award was held not binding, for want of mutuality, unless.it was added, that he should thereupon be discharged. Kyd on Aw. 224; Hob. 49; Brownl. 58. But, this has long been exploded; and Kyd, 153, says, “it may now be safely laid down, that it is not necessary that the award itself should express, that a sum awarded to be paid, or an act to be done in favor of one of the parties, shall be in satisfaction. A discharge to the other must necessarily be presumed, from the payment of the sum, or performance of the act.” Here the arbitrators state, that M’Alexander had sold to Horrel, land; which land had been sold for taxes, before Horrel had either title or possession; that, therefore, M,Alexander shall, by a given day, procure and convey to Horrel a good title, or failing to do so, shall pay him 50/. with interest, &c. Can any thing be clearer, than that this land to be conveyed, or this 50/. to be paid, is in satisfaction? Surely not. There is nothing, then, in this objection.
The second objection is, that the award is not final. This rests upon the ground, that the bond of submission *101 states, that divers disputes had arisen, fyc. and that all matters in dispute were submitted; and yet the arbitrators have decided on one matter only, leaving the other matters still undetermined. This objection seems as unsubstantial as the first. The bond is in the usual form, submitting all matters in dispute; and it states, that divers disputes had arisen. But, this does not prove that there was more than one subject matter in dispute. Divers disputes might arise on the single subject of the land, or the usual words might be inserted, without meaning to describe the subject matters as one, or divers. Kyd on Aw. 171, says, the award must comprehend every thing submitted, and must not be of parcel only. This, however, (he adds,) must be understood with a considerable degree of limitation; for, though the words of the submission be more comprehensive than those of the award, yet if it do not appear that any thing else was in dispute between the parties, beside what is comprehended in the award, the award will bo good. Now here, there is no tittle of evidence, that there was any thing in dispute between the parties, but the land contract. The award, therefore, deciding this, is good.
The third objection is, that the breach in the declaration is not sufficiently laid; and if this objection had been raised by demurrer, I do not undertake to say how I should have been inclined to decide it, The declaration is certainly drawn awkardly; perhaps, as to the breach, defectively. But I am clearly of opinion, that it is a defect, cured by the verdict. The distinction taken in Chichester v. Vass, 1 Call 83, and in Fulgham v. Lightfoot, 1 Call, 250, is between necessary facts not being stated at all, and being imperfectly stated. In the first case, a verdict does not cure; in the second, it does. Here all the facts, necessary for the information of the defendant, are stated. The bond of submission, with its penalty and condition; the award made in consequence; the breach by the defendant of his covenant, in not conveying the land, nor *102 paying the money awarded, to the plaintiff’» damage $ 500; the amount of the penalty of the bond of submission; these seem to be all the facts necessary for the defendant’s information and defence. He took issue on them, and the finding was against him for the sum awarded. The judgment was for the penalty of the bond, to be discharged by the sum found. This judgment, the Superior Court reversed; in which, I think, it erred.
It has occurred as a question, whether it is not now too late to affirm the first judgment of the County Court, as that was reversed by the judgment of the Superior. Court; and the plaintiff, not appealing or making any objection to such reversal, went to trial again in the County Court. I do not consider this material. The first judgment of the Superior Court does not put an end to the question of right between the parties, or to the action; but reverses the proceedings to a certain point, and sends the cause back for a new trial; “leaving the whole of the proceedings so far in fieri, as that the Court may take notice of the first error, wherever it may happen.” Lyons v. Gregory, 3 Hen. & Munf. 237; Robinson et al. ex’rs. v. Gaines’ adm’r. 3 Call, 243; 1 Hen. & Munf. 64.
My opinion therefore is, that both the judgments of the Superior Court of Law, and the second judgment of the County Court, be reversed, with all the costs; and the first judgment of the County Court affirmed.
Judges Coalter, Cabell, and the President, concurred; and judgment was entered accordingly.