# CHARLESTON.

GAFFNEY *et al.* v. STOWERS *et al.*

Submitted December 9, 1913.   Decided December 16, 1913.

1. MINES AND MINERALS—*Declaration—Sufficiency—Breach of Covenant—Failure of Consideration.*

A count in a declaration in assumpsit on a covenant for quiet enjoyment in a lease, averring lack of title in the lessor, payment of rent and failure of consideration, but no eviction from the premises,

nor possession thereof by a stranger, nor hostile claim, nor molestation of the lessees by the lessor, nor obstruction in any manner of the right the lease purports to confer otherwise than by lack of title, and concluding with an averment of liability on the part of the lessor to refund the rent and a promise so to do, is not sufficient as a count for breach of the covenant, but is sufficient as one for money paid on a consideration that has partially failed.  · (p. 423).

2.  SAME—*Oil and Gas Lease—Covenant for Quiet Enjoyment—Recovery for Breach.*

To warrant recovery for breach of a covenant for quiet enjoyment, it is necessary to prove the covenantee was in some way denied or refused right to possession of the premises or evicted therefrom or molested or disturbed as to his possession after having acquired it, by some person having paramount title or a claim of right under some act of the covenantor inconsistent with the right the covenant guarantees.  (p. 423).

3.  ESCROWS—*Depository—Beneficiary—Oil and Gas Lease.*

A lease, deed or other instrument complete on its face cannot be delivered to the lessee, grantee or other beneficiary in person as an escrow.  Such delivery is in law absolute, whatever the verbal understanding between the parties may have been.  (p 426).

4.  MONEY RECEIVED—*Oil and Gas Lease—Recovery of Rent Paid.*

Rent paid under a lease of ·land upon which the lessee could not safely enter on account of doubtful title in the lessor may be recovered back as money paid on a consideration that has partially failed, if paid without knowledge of facts showing defect in the title.  (p. 424).

5.  PAYMENT—*Voluntary Payment—Recovery—Mistake of Law.*

Money voluntarily paid with knowledge of all the facts, but under a mistake as to the law arising thereon, cannot be recovered.  (p. 426).

Error to Circuit Court, Lincoln County.

Action by P. H. Gaffney and others against Elias Stowers. Judgment for plaintiff, and defendant brings error.

*Reversed, verdict set aside, and case remanded for new trial, with leave to amend.*

*Marcum & Shepherd,* for plaintiff in error.

*Neal & Strickling,* for defendant in error.

POFFENBARGER, PRESIDENT:

In this action of assumpsit by lessees against the lessor in an oil and gas lease, to recover rentals or money paid for delay

in drilling, in compliance with a covenant in the lease to drill a well within a limited time, or pay a monthly rental in lieu thereof, on the ground of breach of an express covenant for quiet enjoyment in the lease; the court rejected a great deal of evidence offered for the purpose of proving the lessees had taken the lease with knowledge of the defect of title and upon condition that they would return it and receive back their money, in case of dissatisfaction with the title, and then instructed the jury to find a verdict for the plaintiffs in the sum of $645.00, the amount of rentals paid. The defendant was allowed a writ of error to a judgment on the verdict found agreeably to the instruction.

The lease embraces a tract of 195 acres and was for a term of five years, commencing Feb. 26, 1907, the date of its execution. The lessor had good title to the surface of all the land, but none at all to the mineral, oil and gas and other fluids or volatile substances in 45 acres thereof. As to this portion of it, there had been a controversy between him and James A. Holley over the title, which was settled by mutual conveyances, vesting the title to the surface in the lessor and title to the minerals, oil and gas in Holley. Whether the former has title to the minerals in the residue of the land depends upon the construction of an exception found in a remote deed in his chain of title, a deed bearing date March 14, 1873, by which Harrison Griffith conveyed the land to James M. Edwards. The exception reads as follows: "Except the minerals which are retained for the sake of a compromise with the Parent oil, Coal and Land Association of the Guyandotte." Edwards and his wife conveyed the land to Stowers, the lessor, by a deed dated Feb. 11, 1893. The lease was held until Sept. 21, 1910, and the rentals thereon paid until Sept. 26, 1910, but no well was ever drilled on the property. It was admitted to record July 11, 1908, and F. E. Williamson, one of the lessees, admits he found the Griffith deed to Edwards, containing the exception quoted, at about the date of the recordation of the lease. On his cross-examination, further admissions of knowledge of the condition of the title were sought, but the court sustained objections to the questions and also to the introduction of three letters and a postal card from Williamson to Stowers, bearing dates, respectively, Feb. 28, 1907, July 14, 1908, Dec.

14, 1909, and Jan. 21, 1910, the first and second of which tend to prove the writer had examined the records and familiarized himself with the title and was satisfied with the lease. The others, later in date, contained inquiries as to the result of development on other properties in the neighborhood of the leased premises. The defendant offered to prove, by the justice of the peace who took the acknowledgment and himself, an agreement between the parties, at the time of the execution of the lease, that the lessees were to take it, not absolutely, but on condition that they should find the title satisfactory to them, they having been informed of a doubt in the mind of the lessor as to whether he owned the oil and gas in the land, and, by the justice, an admission by Williamson, in the fall of 1907, of the lack of title to the oil and gas in the 45 acres, and his supposition of good title to it in the residue of the land.

The original and amended declarations each contains the common counts and a special count, the special count in the original one being expressly and solely for breach of the covenant for quiet enjoyment, and that in the amended declaration apparently for the same purpose, with a variation of the statement of facts, although it concludes with a charge of liability for the rentals paid and a promise and undertaking on the part of the defendant, in consideration of such payment and defect of title, to repay or refund the rentals. This was added, no doubt, to make the count one of assumpsit in point of form. The statute, Acts of 1901 ch. 17, serial sec. 3455 of the Code of 1906, permits an action of assumpsit for the recovery of damages for the breach of any contract, sealed or unsealed, express or implied, but it does not in express terms, if at all, authorize omission of the formal parts of a count in assumpsit or dispense with the necessary allegations of a declaration in that form of action. Looking both to the allegations and form of the count, we think it was intended to be one for breach of the covenant.

Alleging no eviction or the equivalent thereof, nor anything amounting in law to a breach of the covenant, both special counts are fatally defective as counts for breach of the covenant. *Knotts* v. *McGregor,* 47 W. Va. 566. Detailing a great many facts including inability of the defendant to put

the plaintiffs into rightful possession of the leased premises and his want of title thereto, each of the counts fails to aver possession of the oil and gas in any stranger or claim to right of possession or title thereto by any such person, or notice thereof, or any refusal on the part of the lessor to admit them to possession, or any other fact precluding them from the possession or disturbance of the right the lease purports to give.

As the record shows no demurrer to the declarations or either of them, this defect might have been cured by the verdict, if the evidence warranted recovery. "No judgment or decree shall be stayed or reversed　＊　＊　＊　for any defect, imperfection, or omission of the pleadings, which could not be regarded on demurrer; or for any other defect, imperfection, or omission, which might have been taken advantage of on a demurrer or answer, but was not so taken advantage of." Code Ch. 134, sec. 3; *Jacobs* v. *Williams,* 67 W. Va. 377; *Chichester* v. *Vass,* 1 Call 83; *Fulgham* v. *Lightfoot,* 1 Call 250; *Horrel* v. *McAlexander,* 3 Rand. 94; *Commonwealth* v. *Peas,* 2 Gratt. 627; *Buster* v. *Wallace,* 4 H. & M. 82. This question we do not decide, however, it being unnecessary to do so, for a reason now to be stated.

The same defect is found in the evidence. Nobody appeared to have been in possession of the oil and gas by drilling or otherwise between the date of the lease and the date of its surrender. Nobody is shown to have set up any claim to it or in any way to have prevented the lessees from taking possession. They made no effort to obtain possession and no act of obstruction on the part of the lessor is shown. Nothing whatever is relied upon as constituting an eviction or breach of the covenant, except lack of title to the oil and gas in the lessor, and that is clearly insufficient.

Showing nothing more than the payment of the rentals under the lease and lack of title in the lessor, the proof does not sustain any of the common counts, unless it be the one for money had and received for the use of the plaintiffs. In cases of total failure of consideration, the money paid may be recovered on a count for money had and received. 1 Chitty Pl. (11th Am. Ed.) 355. So, rent paid by a tenant may be recovered on this count, after he has been evicted at the suit

of a third person and compelled to pay mesne profits for the period in respect of which he has paid the rent. *Baker* v. *Howell,* 6 Serg. & Rawle 481; *Clark* v. *Smith,* 14 Johns (N. Y.) 326; *Haven* v. *Foster,* 9 Pick. 112; *Codman* v. *Jenkins,* 14 Mass. 95. But there must be a total failure of consideration to warrant such recovery, and, if the plaintiff has derived any benefit at all from the contract, it cannot be had. 1 Chitty Pl. (11th Am. Ed.) 355. In this case, the plaintiffs held under the lease and for its purposes such right as the defendant had to the oil and gas in the land, from Feb. 26, 1907, until Sept. 21, 1910, a period of more than three years and a half, during all of which they might have entered upon the land and enjoyed possession thereof, making explorations for oil and gas, so far as this record discloses, and paid rent, month after month, in the hope of the accrual of full and complete title as lessees. It turns out that the lessor had no shadow of title to the oil and gas in 45 acres of the land, and that there was doubt as to the validity of his title to the oil and gas in the remaining 150 acres. Prima facie the exception in it excluded the conveyance of the oil and gas to Edwards, but it did not expressly do so and Stowers, the lessor, thought he had title to it, and the lessees evinced concurrence in that belief by their conduct. Such an exception is not conclusive of title to the oil and gas. *Sult* v. *Oil Co.,* 63 W. Va. 317. The one involved here was made in the year 1873, a date at which the existence of oil and gas in that section of country may not have been suspected by the parties to his deed to the oil and gas, the lessees obtained by their lease and retained, for its purposes, for the considerable period of time stated. Clearly, therefore, having this right from the lessor, they were in a position to deal on advantageous terms with any adverse claim set up under the exception, and could no doubt have acquired it on much more favorable terms than would otherwise have been available. They did not contemplate immediate possession under the lease. Like all other oil and gas leases, it was taken for purposes more or less speculative, and for these purposes the lessees had the benefit of it. So clearly there was not an entire failure of consideration and recovery cannot be had otherwise than upon a special count.

The special count in the amended declaration, though not

good as one for breach of the covenant, is obviously sufficient as one for partial failure of consideration. It clearly shows the lessees did not get all they paid for. As to 45 acres of the land they got nothing at all, and as to the residue they got a doubtful or uncertain title. But the verdict cannot stand on that count so interpreted and treated, for part of the evidence admissible upon the issue raised on it was improperly excluded, as will be shown.

Nothing is perceived that would preclude an amendment of the special counts so as to make them show a breach of the covenant for quiet enjoyment, and, if the declaration so amended can be sustained by evidence, there may be a recovery for such breach. This right is denied in argument here upon the ground of an alleged delivery of the lease in escrow. The evidence offered to show a conditional delivery of it to the lessees, the purpose of which was to defeat recovery upon this ground, was not admissible on the issue of breach of the covenant. On its face, the lease was complete and the delivery was made to the lessees themselves, or one of them. Such an instrument cannot be delivered to the obligee or grantee in escrow. No matter what the verbal understanding between the parties may have been, the delivery was in law absolute. *Sewing Machine Co.* v. *Burlack,* 55 W. Va. 646, 657; *Lyttle* v. *Cozad,* 21 W. Va. 183. In the former case, Judge HOLT quoted the following from 1 Shep. Touch. (by Atherly) 50: ''If a man deliver a writing sealed to the party to whom it is made, as an escrow to be his deed upon certain conditions etc., this is an absolute delivery of the deed, being made to the party himself; for the delivery is sufficient without the speaking of words, * * * and tradition only is requisite; and then when the words are contrary to the act, which is the delivery, the words are of none effect; not what is said, but what is done, must be regarded.''

In the trial of the issue raised on the special count for partial failure of consideration, the court erred in excluding the evidence tending to prove knowledge of the condition of the title of the lessor, including the letters and postal card rejected. It was admissible as tending to prove voluntary payment of the rentals, and on this issue, the defendant should have been permitted to show the conditional agreement made

at the date of the lease.   Money voluntarily paid with knowledge of all the facts can never be recovered back.   *Simmons* v. *Looney,* 41 W. Va. 738; *Shriver* v. *Harrison,* 30 W. Va. 456; *Beard* v. *Beard,* 25 W. Va. 486; *Richmond* v. *Judah,* 5 Leigh 305.   In the last of these cases, Judge Carr quotes the reasons for the rule as given by an English judge as follows: "If we were to hold otherwise, I think many inconveniences may arise; there are many doubtful questions at law: when they arise, the defendant has an option, either to litigate the question, or to submit to the demand, and pay the money.   I think, that by submitting to the demand, he that pays the money gives it to the person to whom he pays it, and makes it his, and closes the transaction between them.   He who receives it, has a right to consider it his, without dispute: he spends it in the confidence that it is his: and it would be most mischievous and unjust, if he who has acquiesced in the right, by such voluntary payment, should be at liberty, at any time within the statute of limitations, to rip up the matter, and recover back the money.   He who received it, is not in the same condition: he has spent it in the confidence that it was his, and perhaps has no means of repayment."

For the erroneous exclusion of evidence noted and direction to find for the plaintiffs, the judgment will be reversed, the verdict set aside and the case remanded for a new trial and with leave to further amend the declaration.

*Reversed, verdict set aside, and Case remanded for new trial, with leave to amend.*