# CHARLESTON.

## THE PHILADELPHIA COMPANY V. SHACKELFORD.

Submitted January 21, 1919.   Decided January 28, 1919.

1. MINES AND MINERALS—*Oil and Gas Lease—Recovery of Delay Rentals—Failure of Consideration.*

   To warrant recovery in an action of assumpsit by lessee against lessor in a lease for oil and gas, of rentals paid for delay in drilling a well, as for money had and received by the lessor for the use of the plaintiff, there must have been a total failure of consideration for such payments.   (p. 284).

2. SAME.

   Where such lease for oil and gas calls for 288 acres and the lessor has title only to a one-half undivided interest in the oil under sixty-seven acres thereof, there has not been such total failure of consideration as to warrant recovery of delay rentals paid, in an action by lessee against the lessor as for money had and received.   (p. 284).

3. SAME.

   Such a lease confers on the lessee all the rights of the lessor as a co-tenant to enter and operate for oil, and if such right be of any substantial value there has not been such total failure of consideration as to warrant recovery by lessee of the rentals paid for delay in drilling a well, in an action against lessor for money had and received.   (p. 285).

4. SAME—*Recovery of Damages—Failure of Consideration—Breach of Covenant.*

   To warrant recovery of damages by lessee against lessor in such lease for partial failure of consideration or for breach of covenant, the pleadings must present such an issue or issues; they are not recoverable under the common counts in assumpsit, or upon a special count for money had and received.   (p. 285).

5. SAME—*Recovery—Rentals of Delay—Surrender of Lease.*

   Where such a lease confers on the lessee a valuable right in oil, though under only a part of the land leased, the lessee is not entitled after verdict in an action for money had and received, to surrender the lease, and to have the benefits of a new trial, upon the theory of total failure of consideration.   (p. 285).

6. APPEAL AND ERROR—*Judgment—Acknowledgment of Part of Debt—Election to take Judgment.*

   The plaintiff, on the filing by defendant of his counter affidavit under section 46, chapter 125 of the Code, is then entitled to

judgment for the sum thereby acknowledged to be due him, but if he does not then or at any time before trial elect to do so, he cannot when the pleadings do not warrant any recovery by him assign his neglect to take judgment as ground for reversal on writ of error prosecuted by him in this court. (p. 287).

Error to Circuit Court, Gilmer County.

Suit by the Philadelphia Company of West Virginia against John N. Shackelford, with set-off by defendant. Judgment for defendant on a directed verdict, motion for new trial overruled, and plaintiff brings error.

*Affirmed.*

*E. A. Brannon* and *Chas. E. Hogg,* for plaintiff in error.
*R. F. Kidd* and *Linn & Craddock,* for defendant in error.

MILLER, PRESIDENT:

Plaintiff as assignee of a lease of 288 acres, more or less, for oil and gas, sought by this suit to recover from defendant, the lessor, the several quarterly installments of rent or delay money of $72.00 each paid by it to him, aggregating, according to the bill of particulars filed, $864.00.

The declaration, besides the common counts in assumpsit, also contained a special count. According to the averments of the special count right of action was predicated on the theory of a rescission of the contract and total failure of consideration.

By the lease pleaded and proven the defendant and his wife on November 1, 1909, did "grant, demise, lease and let to said Swisher his successors and assigns, for the sole and only purpose of mining and operating for oil and gas, and of laying pipe lines, and of building tanks, stations and structures thereon to take care of said products," the tract aforesaid, described by reference to the lands of adjoiners, as containing 288 acres more or less. By its further provision the lease was to remain in force for the term of ten years from date and as long thereafter as oil and gas or either of them should be produced from said land by said lessee or his successors or assigns.

And in consideration of said grant the said lessee cove-

nanted and agreed to deliver to the credit of the lessor in the pipe line free of cost one-eighth of all the oil saved and produced from the leased premises, and seventy-five dollars in advance each three months for the gas from each and every gas well drilled the gas from which should be marketed off the premises. And the further covenant of the lease was to complete a well on the premises within three months from the date of the lease or pay at the rate of seventy-two dollars quarterly, in advance, for each additional three months such completion should be delayed.

On appearance by defendant he craved oyer of the writing sued on, which being read to him and made a part of the record, he interposed his demurrer to the declaration, which was overruled. The only specific ground assigned and relied on was failure of the declaration to allege payment by plaintiff to defendant of the sum of one dollar and surrender of the lease for cancellation, which by the provisions thereof constituted conditions precedent to the right of the lessee to terminate and render said lease null and void, and to absolve him from the payments and liabilities thereafter to accrue thereunder.

On the same day defendant was permitted to file his counter affidavit under the statute, accompanied by a bill of sets-off aggregating $655.49, alleging in his affidavit that there was not as he verily believed due plaintiff from him on account of the demands stated in the declaration a greater sum than $208.51, the difference between the amount of the plaintiff's bill of particulars, $864.00, and the amount of said sets-off, $655.49.

At this stage of the proceedings the parties went to the jury on the issue joined on the defendant's general plea of non assumpsit, and at the conclusion of plaintiff's evidence, the court on motion of defendant struck out all of plaintiff's evidence and directed the jury to find a verdict for defendant, which was done. The plaintiff then moved the court to set aside the verdict and grant it a new trial, on the ground that the court had misdirected the jury, which motion the court took time to consider.

On a subsequent day, but before the court had acted on the

motion to set aside the verdict, plaintiff brought into court its written surrender of said lease together with an affidavit showing payment to defendant by plaintiff of the sum of one dollar as the consideration for the surrender of said lease, and thereupon renewed its motion to set aside the verdict and for a new trial, the following grounds being assigned: First, that the evidence was sufficient to show plaintiff's right to recover in the action; Second, that the lease at the institution of this suit was without value, and that plaintiff received nothing in the form of money or property from defendant prior to the institution of his suit, wherefore a surrender thereof was not a condition precedent to his right of action; Third, that the institution of the suit, per se, operated as a rescission of the lease, no formal notice of which was necessary in order to maintain the suit; Fourth, that the surrender of the lease and payment of one dollar by the plaintiff to the defendant as a consideration for the surrender, after verdict, in a case of this kind satisfies all the requirements of the law; Fifth, because the court erred in not permitting the witness Gates to show that he had examined the title and found that the lessors had no title to the premises described in the lease, whereupon plaintiff ceased and refused to pay further rental; Sixth, because of the exclusion of certain oral evidence as shown by the record of the official stenographer who took the testimony in the case; Seventh, on the further ground that it would be unjust and inequitable not to set aside the verdict and award plaintiff a new trial, after its surrender of said lease, which would operate as a great hardship, in that the plaintiff might be precluded and barred from maintaining another action to recover back the rentals sued for in this action, should the court decline to award a new trial.

This motion was overruled, and the judgment now under review was that the plaintiff take nothing by its declaration and that defendant go hence without day, and that plaintiff do pay him his costs about his defense in this behalf expended. And plaintiff took exceptions thereto, and on its request the court certified the evidence and its rulings on the trial as a part of the record.

On this hearing an additional ground is assigned for setting aside the verdict and as showing error on the judgment, namely, that as defendant in the counter affidavit admitted liability to plaintiff on the demands stated in the declaration, of $208.51, the court should at the least have directed a verdict or entered up judgment for plaintiff for that sum. We observe, however, that plaintiff did not elect on the filing of said affidavit, or before or after verdict, to take judgment for the amount so admitted or move the court for judgment therefor, and we must assume it had some reason therefor not clearly apparent from the record.

The special count of the declaration alleges want of any right or title in the lessors at the time of the lease, or prior or subsequent thereto, in the tract of 288 acres or any part thereof, or to the oil or gas thereunder, or under any part thereof, and avers the non existence of any such tract so far as any right or title thereto of the defendants is concerned, and also avers the inability of the lessors or either of them at any time to deliver possession of said tract to plaintiff for the purposes of said lease, wherefore they rendered no consideration for the rentals paid to and received by them from plaintiff.

These averments show clearly that the basis of recovery laid and relied on in the pleadings was want of any title in the lessors and total failure of consideration for the rentals paid and sought to be recovered. It is conceded that to warrant recovery in such cases, for money had and received, there must have been total failure of consideration, or after eviction by a third person, for mesne profits for the period for which rents have been paid. *Gaffney* v. *Stovers*, 73 W. Va. 420, 424, and authorities there cited; 1 Chitty on Pleading, (11th Amer. ed.), 355.

Plaintiff's evidence on the trial did not show entire lack of title in the lessors to any land or oil right within the boundaries described in the lease. On the contrary the evidence showed title by reservation in a deed from defendant and his wife to one W. E. Donlan, dated September 29, 1898, for a tract of 67 acres, of an undivided half of all the oil under the land thereby conveyed, and which land plaintiff's

evidence locates within the boundaries described in the lease. There was no evidence of eviction or possession by paramount title by a third person amounting to eviction of plaintiff from the 67 acres. So that unless according to the contentions of plaintiff's counsel the lease conferred upon the lessee no right and title to the oil so reserved in said deed, it cannot be said that there was total failure of consideration for the monies paid and sought to be recovered.

Certainly the lease was valid and binding between the parties and operated to transfer to the lessee all the rights of a co-tenant to enter in conjunction with all the other co-tenants of the oil, if not of the gas, and drill and produce oil *Freeman* v. *Egnor,* 72 W. Va. 830. There is no evidence that this right was of such a small or trifling value as to amount to no consideration for the rentals paid, and we take judicial notice that such a right even in so small a tract as 67 acres is often worth thousands of dollars, sufficient to warrant payment of the rents required to keep the lease in full force.

However, a very elaborate and ingenuous argument is presented by learned counsel for plaintiff in support of the proposition that there was total failure of consideration shown. They take the position that as the main object of the lease was operation, and it undertook to grant, demise, lease and let to the lessee said 288 acres for the sole and only purpose of mining and operating for oil and gas, there was an implied covenant of good title and for peaceable and quiet enjoyment, and a mere co-tenant of the oil, not of the gas, under the 67 acres, could not enter and operate unrestrained and unhindered by others with rights as co-tenants, wherefore there was total failure of consideration for the thing which the lease undertook to grant. This upon the principles enunciated in *Hall* v. *Vernon,* 47 W. Va. 300, 301. But if it be true that the lease did confer on the lessee a valuable right as co-tenant in the oil under the 67 acres, the argument is of course wanting of a sufficient prop to support it. And it seems to us it is fully met by the reasoning of Judge POFFENBARGER in *Gaffney* v. *Stowers, supra,* at page 425, where he says in reply to a similar argument based

on the defects of title involved in that case: "Clearly, therefore, having this right from the lessor, they were in position to deal on advantageous terms with any adverse claim set up under the exception, and could no doubt have acquired it on much more favorable ·terms than would other-wise have been available. They did not contemplate imme-diate possession under the lease. Like all other oil and gas leases, it was taken for purposes more or less speculative, and for these purposes the lessees had the benefit of it. So clearly there was not an entire failure of consideration and recovery cannot be had otherwise than upon a special count."

But should there have been a recovery under the pleadings for partial failure of consideration? In the Gaffney-Stowers case, supra, the special count was regarded sufficient as one for the breach of covenant, and for partial failure of con-sideration.. But we have no count in this case other ·than for total failure of consideration, and no evidence in the case justifying recovery on any other theory. For anything that appears in the record plaintiff may have had knowledge from the beginning of the defect of title or want of title of the defendant to the land covered by the lease and yet have been willing on account of such rights as it conferred to the oil and gas under the 67 acres, to retain the lease, and pay the rentals. If so he could not retain the lease and recover the rentals paid, for as said in the case last cited voluntary payment of money with knowledge of all the facts is never recoverable.

The next inquiry is, was the plaintiff, after verdict, on showing payment of the one dollar· and surrender of the lease, entitled to a new trial? We think not. At the time the suit was brought the lease was in full force. It had not been surrendered or terminated according to its provisions, and besides, its surrender by its provisions would only oper-ate to excuse payments and liabilities thereafter to accrue, not past liabilities thereunder. At the time the suit was brought the lease had been in force nearly three and a half years, and when it was offered for surrender and cancella-tion, on April 7, 1917, it had been in force over seven years. Having had the benefits of the lease, such as were conferred,

for all these years, rents paid could not be recovered back on the theory of a total failure of consideration. And the basis of plaintiff's right of recovery is not strenghtened upon the theory of a rescission.

Lastly, to be answered is the question of the alleged right of plaintiff to judgment for the sum of $205.51, acknowledged in the counter affidavit of the defendant. According to section 46, chapter 125 of the Code, plaintiff had the right on the filing of that affidavit to take judgment for that amount and go to trial for the residue of its claim, but it did not so elect; and as said before, it did not move for judgment for that amount at any time, perhaps for the reason that the evidence did not justify recovery on any issue presented by the pleadings, and plaintiff did not wish to accept a judgment which might thereafter prejudice its rights in a new suit predicated on a different theory or cause of action.

For the foregoing reasons we find no error in the judgment for which it ought to be reversed, and our conclusion is that it ought to be affirmed.             *Affirmed.*