# CHARLESTON.

## HOPE NATURAL GAS CO. v. C. A. JARVIS, ADM'R.

Submitted April 5, 1921.    Decided April 12, 1921.

1.  MINES AND MINERALS—*Recovery of Delay Rentals Paid Under Leases Held Proper Under Special Count in Assumpsit Alleging Payment and Partial Failure of Title.*

    Recovery of money paid as delay rentals, under oil and gas leases, upon a consideration that has partially failed by reason of lack of title in the lessor, to part of the land embraced by the leases, may be had upon a special count in a declaration in assumpsit, alleging payment of the rentals and such partial failure or lack of title, in addition to the other admittedly necessary allegations.    (p. 397).

2.  SAME—*Allegations to Recover Delay Rentals Paid Held Sufficient for Recovery of Damages for Breach of Covenant for Peaceable and Quiet Enjoyment Under Oil and Gas Lease.*

    If, in such count, there is a further allegation of adjudication against the lessee, of such lack of title, and partial cancellation of the lease, it is sufficient for recovery of damages for breach of the covenant for peaceable and quiet possession of the leased premises, implied in the lease.    (p. 397).

3.  DECISIONS COMPARED.

    There is no inconsistency between the principles enunciated in *Philadelphia Company* v. *Shackleford*, 83 W. Va. 280,, on the one hand, and those stated in *Knotts* v. *McGregor*, 47 W. Va. 566, and *Gaffney* v. *Stowers*, 73 W. Va. 420, and other similar cases, on the other hand.    (p. 397).

Certified from Circuit Court, Calhoun County.

Action by the Hope Natural Gas Company against C. A.

Jarvis, administrator. A demurrer to the declaration was overruled, and case certified.

*Affirmed.*

*A. B. Fleming, Charles Powell* and *Kemble White,* for plaintiff.

*A. G. Mathews* and *Lorentz C. Hamilton,* for defendant.

POFFENBARGER, JUDGE:

On the joint application of the parties to this action, the trial court has certified to this court, for review, its interlocutory order overruling a demurrer to the declaration and each count thereof.

The action is in assumpsit and for the recovery of portions of delay rentals paid under oil and gas leases, on the theory of breaches of implied covenants of the leases and failure of consideration, it having been ascertained and judicially determined, long after the date of the lease and payment of the rentals, that the lessors had no title to certain portions of the leased lands. The declaration contains the common counts and two special counts.

In so far as it goes to the entire declaration and the common counts, the demurrer was properly overruled. Their sufficiency is admitted. At any rate, it is not questioned in the argument.

The first special count is based upon a lease of 750 acres of land, for oil and gas purposes, dated April 15, 1909, which seems to have taken the place of an older lease of the same land, dated October 27, 1899, each lease having been given for a term of ten years, and the later one having been intended to go into effect or to replace the earlier one, only in the event of the expiration thereof by reason of failure to produce oil or gas on the land within the term specifically stipulated for. The second is based upon the same kind of a lease of a 200-acre tract, bearing the same date, and made in view of the probable expiration of a former lease of the tract, bearing date October 27, 1899. Said first special count alleges failure of title in the lessors to two portions of the 750 acres, one of which contains 65 acres and the other 95½ acres. The second

alleges such failure as to 125 acres of the 200-acre tract. In these three tracts, 65 acres, 95½ acres and 125 acres, one of the lessors had only an estate for his life and the other none at all. They had belonged to a deceased wife of W. H. Campbell, whose subsequent wife, Elizabeth Campbell, joined him in the two leases. After the death of W. H. Campbell, an assignee of one of the former wife's heirs instituted and successfully prosecuted a suit in equity for partition of the said three tracts of land and for cancellation of the leases in question, as constituting clouds upon the title of the plaintiff in said suit and the heirs of the deceased wife.

As to the 750-acre tract of land, the plaintiff covenanted in the lease to complete a well thereon, on or before October 27, 1909, or to pay to the lessors, in advance, $187.50 for each period of three months, during which the completion of such well should be delayed. It was further provided that payments of the delay rentals might be made direct to the lessors, their heirs or assigns, or deposited to their credit in the Bank of Grantsville, or by checks mailed to W. H. Campbell at his post office. Thirteen of such payments were made to W. H. Campbell, within his lifetime. After his death, which occurred in October, 1912, and which was not known to the lessee, for sometime thereafter, five quarterly payments were placed to his credit in the Bank of Grantsville. After knowledge of his death eight additional payments were made, by deposit in said bank to the credit of Elizabeth Campbell and the devisees of W. H. Campbell, which last mentioned 13 payments, amounting to $2,437.50, the administrator, with the will annexed of said W. H. Campbell, accepted and withdrew from said bank. As to the 200-acre tract of land, the provisions of the lease were the same as those of the lease of the 750-acre tract, except as to the amount of the delay rental, which was $50.00 per quarter. W. H. Campbell, in his lifetime, received and accepted 13 such payments, amounting to $650.00, and, after his death, his administrator received and accepted eleven such payments.

Each of the special counts charges partial failure of consideration, occasioned by lack of title in the lessors, to portions of the leased lands, as aforesaid, and breach of the implied

covenant that the lessee should have right to enter upon the land and peaceably and quietly possess the same, occasioned by such lack of title, adjudication thereof and cancellation of the leases. Each of them asserts right of recovery, not of the full amount of the rentals paid, but only of such proportions thereof as the lands lost bear to the entire areas leased. In neither of them is there an allegation of total failure of consideration, nor of a breach of covenant going to the entire tract of land. The bill of particulars conforms to the theory of said counts. It charges payments and interest amounting to $8,069.71, and credits thereon the amounts mathematically apportionable to the lands to which the lessors had good title.

The demurrer to the special counts proceeds upon the theory of inconsistency between the principles declared in *Philadelphia Co.* v. *Shackelford*, 83 W. Va. 280, and those enunciated in *Knotts* v. *McGregor*, 47 W. Va. 566; *Headley* v. *Hoopengarner*, 60 W. Va. 626; *Kilcoyne* v. *Southern Oil* Co., 61 W. Va. 538; *Gaffney* v. *Stowers*, 73 W. Va. 420, and *Ford* v. *Ball*, 76 W. Va. 663, and virtual repudiation of those stated in the last named cases. The position taken by the defendant involves a manifestly obvious misapprehension of the scope and effect of the decision in *Philadelphia Co.* v. *Shackelford*. The declaration in that case contained only the common counts and a special count alleging rescission of the contract and total failure of consideration. It contained no special count charging partial failure of consideration or partial breach of the implied covenant for peaceable and quiet possession. If it had contained such count, right in the plaintiff to recover something would have been upheld. Point 4 of the syllabus, as well as the opinion, distinctly admits right of recovery in such case, upon a proper declaration. In the opinion the decision in *Gaffney* v. *Stowers* is referred to without disapproval, and is impliedly approved.

Repetition of the well-grounded principles, arguments and conclusions set forth and elaborated in *Knotts* v. *McGregor* and the subsequent cases above mentioned, is altogether unnecessary. Nothing of value can be added. They are clear

and emphatic and nothing inconsistent therewith is found in *Philadelphia Co.* v. *Shackelford.* It is consistent with them in holding that, in such cases, recovery for partial failure of consideration cannot be had on the common counts, nor upon a special count alleging entire failure of consideration. It is equally consistent with them in impliedly holding that there may be recovery on a special count charging such partial failure of consideration as is alleged in this declaration.

Viewed in the light of these principles and conclusions, the special counts are clearly sufficient for recovery of money paid upon a consideration that has partially failed.

They are also sufficient for recovery of damages for breaches of the covenants. A direct adjudication against the lessee, of failure of titles of the lessor and the lessee, and cancellation of the lease are legally equivalent to an actual ouster from the premises. *Knotts* v. *McGregor,* cited; *Rex* v. *Creel,* 22 W. Va. 373. The recovery cannot be multiplied by reason of the existence of the two grounds of action, however.

Upon a demurrer to a declaration, it is neither necessary nor proper to enter upon any inquiry as to the measure of damages or the amount of the recovery that may be had. It suffices to say that there is right of recovery of some damages or of some of the money demanded.

In our opinion, the trial court properly overruled the demurrer, and our order will so certify.

*Affirmed.*