# CHARLESTON.

W. R. BARTRAM and GERTRUDE BARTRAM v. THOMAS DAMRON,
JR., VIRGINIAN JOINT STOCK LAND BANK, of Charleston,
a corporation, UNION TRUST COMPANY, a corporation,
Trustee, J. DAYTON WHITE and T. F. WHITE

(No. 6076)

Submitted February 28, 1928.   Decided March 6, 1928.

.ESCROWS—EVIDENCE—*Lease, Deed, or Other Instrument Complete
on Face Cannot be Delivered to Lessee, Grantee, or Other
Beneficiary in Person as Escrow; Delivery of Complete
Lease, Deed, or Other Instrument to Lessee, Grantee, or
Other Beneficiary in Person is Absolute, Regardless of
Verbal Understanding.*

A lease, deed, or other instrument complete on its face
cannot be delivered to the lessee, grantee, or other beneficiary
in person as an escrow. Such delivery is in law absolute,
whatever the verbal understanding of the parties may have
been.

(Escrows, 21 C. J. § 19.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not
part of syllabi.)

Appeal from Circuit Court, Wayne County.

Suit by W. R. Bartram and wife against Thomas Damron,
Jr., and others for an injunction and for other relief. From
.a decree of dismissal, plaintiffs appeal.

*Reversed and entered.*

W. T. Lovins, for appellants.

E. J. Wilcox, for appellee, Virginian Joint-Stock Land
.Bank.

.LITZ, JUDGE:

The plaintiffs, W. R. Bartram and Gertrude Bartram, his
wife, appeal from a decree of the circuit court dismissing their
:bill, which seeks to enjoin the defendant, Union Trust Com-
pany, Trustee, from selling a tract of 120 acres of land in
Wayne county, under a deed of trust from Thomas Damron

to it, dated June 14, 1922, and to have the deed cancelled as a cloud upon the title of the defendants, J. Dayton White and T. F. White, grantees of the plaintiffs.

On June 13, 1922, the plaintiffs signed and acknowledged a deed granting the land to the defendant Thomas Damron, Jr., for $3,250.00, to be paid as follows: $1,000.00 upon delivery of the conveyance, and the balance evidenced by two notes for $1,125.00 each, payable to said W. R. Bartram in one and two years, respectively. The same day Damron signed, acknowledged and delivered to W. R. Bartram a deed conveying the property to Mont Bartram, Trustee, to secure the payment of the notes. This deed was recorded June 26, 1922. By deed dated June 14, 1922, and recorded June 20, 1922, Damron conveyed the land to the Union Trust Company, Trustee, to secure a note of $1,500.00 for a loan of that amount obtained by him from the Virginian Joint Stock Land Bank. On receiving the cash payment, June 22, 1922, the plaintiffs delivered the deed conveying the property to Damron. The defendant, Damron, failing to pay any of the deferred purchase money, the property was sold under the first deed of trust and conveyed by the trustee, Mont Bartram, to the purchaser, W. R. Bartram, by deed dated August 26, 1924. By deed bearing date April 3, 1925, the plaintiffs conveyed the land to the defendants J. Dayton White and T. F. White, with covenants of general warranty of title. Damron having defaulted also in his obligations under the second deed of trust, the Union Trust Company, Trustee, published notice of its intention to sell the property on January 22, 1927. This suit was instituted to enjoin the sale and remove the second deed of trust as a cloud upon the title of the defendants, J. Dayton White and T. F. White.

The sole issue is a question of priority between the two trust deeds. Although the second was executed before the recordation of the first, the Land Bank through its attorney, E. J. Wilcox, who negotiated the loan to Damron, was informed before its execution that the first had been signed and delivered to the plaintiff, W. R. Bartram. Wilcox in his testimony on behalf of the Bank, states: "After I started to look after

the matter, and perhaps before that time, in conversation with Thomas Damron, Jr., he told me he was purchasing the property now in litigation from W. R. Bartram, and that he had made arrangement with Mr. Bartram to make a deed to him for the property. He also stated that he would have to pay Mr. Bartram the sum of $1,000.00. I asked Mr. Damron at that time if he would owe Mr. Bartram anything after paying the $1,000.00, and he says, 'Will owe him some money but I have arrangement with him *to take the second lien for that,'* that he, Damron, *would give W. R. Bartram a trust deed on the property, but he had arrangement with W. R. Bartram that he would hold this trust deed—not put it on record until this matter was closed up and the trust deed being in favor of the Virginian Joint Stock Land Bank was placed of record."* Damron, also a witness for the Bank, says he informed Wilcox prior to the execution of the second trust deed that he had already signed, acknowledged and delivered to W. R. Bartram a trust deed to secure the balance of the purchase price. Damron claims that W. R. Bartram agreed to withhold the first trust deed from record until a trust deed securing the Bank had been recorded. His evidence on this point, however, is unsatisfactory and of little weight. W. R. Bartram emphatically denies the alleged contract. Besides it is unreasonable that the plaintiffs would consent to a prior lien upon the property in favor of a third party for 50% more than the cash payment. But such agreement, if made, is immaterial in view of the delivery of the trust deed to the beneficiary, W. R. Bartram. "A lease, deed, or other instrument, complete on its face, cannot be delivered to the lessee, grantee, or other beneficiary in person as an escrow. Such delivery is in law absolute, whatever the verbal understanding of the parties may have been." *Gaffney* v. *Stowers,* 73 W. Va. 420.

The first trust deed having been signed, acknowledged and delivered, to the knowledge of the Land Bank before the execution of the second, the plaintiffs are entitled to the relief prayed for. The decree of the circuit court will, therefore, be reversed, and a decree entered here for the plaintiffs.

*Reversed and entered.*